## MARTIN v. NICHOLS et al. MARTIN v. NICHOLS.

1. Error was sufficiently assigned in each bill of exceptions. There were two cases disposed of by the superior court, and a bill of exceptions in each case was necessary to review each adverse judgment. The motion to dismiss the bills of exceptions on the grounds of insufficient assignment of error, and that two bills of exceptions had been sued out in one and the same case, is denied.
2. The issue raised by the filing of an affidavit of a contesting creditor to a landlord's lien for supplies, as provided in the Civil Code, § 2816, is triable at the term of court succeeding the filing of the contesting affidavit.
3. It is error to refuse a first continuance when it is shown that the party is ill and his counsel states in his place that he can not safely go to trial without the presence of his client.

Argued November 15, — Decided December 21, 1904.

Money rule. Foreclosure of lien. Before Judge Fite. Bartow superior court. January 26, 1904.

*James B. Conyers,* for plaintiff in error.
*George H. Aubrey* and *T. C. Milner,* contra.

EVANS, J. Three justice's court fi. fas. in favor of F. M. Martin and against Sam Fletcher were, on November 5, 1903, levied

by A. S. Herrin, a constable, on a quantity of cotton, cottonseed, corn, and fodder, which had been grown by the defendant in fi. fa. upon land belonging to Z. T. Nichols.    On December 10th, Nichols filed with the clerk of the superior court of Bartow county an affidavit to foreclose a landlord's lien for supplies furnished to Fletcher during the year 1903, and on the same day an execution was issued upon this affidavit.    The execution was then placed in the hands of Herrin, the constable, with written notice to hold up all funds which might then be or which might thereafter come in his hands by reason of any process against Fletcher.    Subsequently, on December 19th, the constable brought to sale the property levied on under the three justice's court fi. fas. above mentioned.    On January 11, 1904, the constable was called on by Nichols to pay him, out of the proceeds of the sale, the amount of his demand against Fletcher.    The constable declined to do so, and on the following day a rule was issued against him at the instance of Nichols.    To this rule the constable answered that he was advised and believed that the three fi. fas. under which he sold the property constituted a lien on the fund in his hands, and he accordingly prayed that Martin, the holder of these fi. fas., be made a party to the proceeding and be given an opportunity to file his intervention, setting up his claim to the fund.    On January 20th, the court passed an order, ex parte, reciting that as it appeared Martin was interested in the fund to be distributed, he was thereby made a party to the proceeding, " with leave to file an intervention in said case before said case [was] heard," and directing that he be served with a copy of the order, unless service should be acknowledged by him. He did acknowledge service on January 25th.    On the same day, Martin, under the provisions of the Civil Code, § 2816, par. 6, as a creditor of Fletcher, filed with the clerk of Bartow superior court a counter-affidavit, with a view to resisting the enforcement of the execution which had been issued on the affidavit of Nichols to foreclose the landlord's lien asserted by him against Fletcher, their common debtor.    The case made by the filing of this counter-affidavit was entered on the issue docket of the July term, 1904, of that court.    On the 26th of January, during the regular January term of the court, the proceeding commenced by the money rule against the constable was called for trial.    Counsel

for Martin made a motion to continue the case, on the ground that he was not ready for trial, he being unable to attend court on account of sickness. In support of this motion, proof was made of the illness of Martin and of his inability to attend court, and his counsel stated in his place as an attorney that he "could not go safely to trial without his client, whom he needed as a client and might need as a witness also." The court overruled this motion to continue the case. Counsel for Martin then produced and called the court's attention to the counter-affidavit hereinabove referred to, and counsel for Nichols thereupon insisted that the court take up the case made by the filing of this counter-affidavit, announcing that he wished to demur to the same. Objection was interposed by Martin's counsel, who directed the attention of the court to the fact that the case made by the filing of the counter-affidavit was returnable to the July term, 1904, of the court, and who insisted that the court had at the January term no jurisdiction to hear and pass upon that case. The court nevertheless allowed counsel for Nichols to present a demurrer to the counter-affidavit, and, after hearing argument thereon, sustained the demurrer and ordered the counter-affidavit stricken. After the rendition of this judgment, the case made by the rule against the constable was taken up by the court, and counsel for Martin filed an intervention in which he attacked, on substantially the same grounds set forth in his counter-affidavit, the claim of landlord's lien on which the execution in favor of Nichols was based. This intervention was then demurred to by Nichols, and the court sustained his demurrer. Counsel for Nichols introduced in his behalf evidence of the foreclosure of his lien for supplies furnished to Fletcher, and counsel for Martin introduced the three justice's court fi. fas. under which he claimed the fund in court. On this evidence the presiding judge entered up a judgment awarding the fund to Nichols. Two bills of exceptions were sued out by Martin. In one he excepted to the action of the court in taking up and disposing of the case made by the filing of his counter-affidavit in resistance to the foreclosure of Nichols' alleged landlord's lien; in the other error was assigned upon the overruling of his motion to continue the rule proceeding, as well as upon the various other rulings made against him in that case, and exception was taken to the judgment awarding the fund in controversy to Nichols.

1. In this court counsel for Nichols moved to dismiss both writs of error, insisting that Martin had sued out two bills of exceptions in one and the same case; that in certifying one the trial judge had necessarily divested himself of all jurisdiction; and that, as it was impossible to tell from an inspection of the two bills of exceptions which of them had first been certified, it did not affirmatively appear that this court had jurisdiction to entertain and pass upon either. There is no merit in this contention. As appears from the foregoing statement of facts, the court below called and disposed of two distinct and separate cases. First, the case made by the rule issued against the constable was taken up, and Martin's counsel made a motion to continue it, which motion was overruled. Then, before proceeding with the trial of this case on its merits, the court suspended the trial thereof long enough to dispose of the demurrer which counsel for Nichols stated he wished to interpose to the counter-affidavit filed by Martin, the filing of which inaugurated an altogether different case to which the constable was not a party and which was returnable to a subsequent term of the court. After sustaining this demurrer, the court again took up the other case and rendered final judgment therein. There were two cases, both of which were finally disposed of, and it was necessary that the losing party should, in order to bring under review the various adverse rulings of which he complains, sue out a separate bill of exceptions in each case.

As another ground for dismissing the two writs of error, counsel insisted that in neither of the bills of exceptions was there a sufficient assignment of error to the judgment awarding the fund to Nichols. There could not properly be any assignment of error on this judgment in the bill of exceptions in which complaint is made of the striking of Martin's counter-affidavit, for in the case to which that bill of exceptions refers no such judgment was rendered. The exception to that judgment made in the other bill of exceptions was that the "court erred in awarding said fund to said landlord's lien fi. fa. in favor of Z. T. Nichols against Sam Fletcher," and that the "court erred in not awarding said fund to the three common-law fi. fas. in favor of F. M. Martin against said Sam Fletcher." This certainly was a sufficiently specific assignment of error. *Holst* v. *Burrus*, 79 *Ga.* 111.

2. When the landlord sued out his special lien for supplies furnished his tenant, the creditor of the tenant had a right to file his affidavit contesting the existence and amount of the lien. Civil Code, § 2816. Upon the filing of the creditor's affidavit, the landlord's process ceased to be final; it became mesne process, and the lien affidavit and execution and the creditor's affidavit became pleading. The statute declares that the issue thus formed shall be tried as other causes. Civil Code, § 2816, par. 6. The issue was not joined until the filing of the creditor's affidavit, which was not done until after the sitting of the court at which the case was tried. The trial by disposing of the case on demurrer to the creditor's affidavit was premature. The case was not triable at the term when the court disposed of the creditor's affidavit on demurrer. The case originated after the session of the court and was returnable to the succeeding term, and the court was without jurisdiction to hear and determine the issue made by the pleadings before the term to which the case was returnable. Irrespective of the merits of the demurrer or the sufficiency of the creditor's affidavit, the court erred in determining the case at a term prior to the one to which the case was returnable and triable. For this reason the judgment of the court dismissing the affidavit must be reversed.

3. In the other case a motion to continue was made because of the illness of Martin, the contesting creditor. The fact of the illness was shown by proof, and counsel stated in his place his inability to go to trial without the presence of his client. No counter-showing was made. The court overruled the motion to continue, sustaining the demurrer to Martin's intervention, and awarded the fund to the movant. The court erred in refusing to continue the case. Martin had been formerly made a party to the rule against the constable to distribute the money. He had a right to file an intervention setting up his claim to the fund at any time prior to the trial. Being a party to the cause, he had all the rights of a party, one of which was to move for a continuance on legal grounds. His motion fulfilled every requirement of the statute. Civil Code, § 5131. And it was error to overrule the same. It is no reply to say that the intervention filed by the absent party was fatally defective and should have been stricken on demurrer. If the party had been present, he might have been

able to amend by supplying the necessary averments to his intervention.

The erroneous overruling of Martin's motion for a continuance rendered all subsequent proceedings in the case nugatory. The case is remanded for another trial.

*Judgment in each case reversed. All the Justices concur.*