20808. COOPER, executrix, *v.* VIRGINIA-CAROLINA CHEMICAL CORPORATION.

DECIDED JULY 14, 1931. REHEARING DENIED SEPTEMBER 14, 1931.

*M. Felton Hatcher,* for plaintiff in error.

*Heard W. Dent, Duncan & Nunn,* contra.

PER CURIAM. On December 31, 1929, Virginia-Carolina Chemical Corporation filed suit against J. P. Cooper in the superior court of Houston county on two promissory notes. The first of these notes was for the principal sum of $1310.06 and matured November 1, 1929; and the second was for the principal sum of $1000 and matured March 1, 1930. Each note was dated April 1, 1929, and each bore interest from date at the rate of eight per

cent. per annum. Neither note contained a clause providing for acceleration of maturity, but a deed to certain realty, given to secure the debt evidenced by the notes, did contain such a clause. This deed bore date of April 13, 1929. The petition was in the usual form employed in such cases. In it the plaintiff sought to recover principal, interest, and attorney's fees, and also prayed for a special judgment against the property described in the security deed.

The answer is substantially as follows: 1. Admits the defendant J. P. Cooper is a resident of Houston County, Ga. 2. Denies indebtedness on said notes. 3. Admits the execution and delivery of said security deed, "but denies that same conveyed any right or title to the property, . . by reason of the facts alleged hereafter." 4. "Denies the allegations in paragraph 4 that the plaintiff has a legal or lawful right either to accelerate the payment of that last note or to do any act authorized under said alleged deed to secure debt, because the same is null and void and without legal effect, and is not binding upon this defendant by reason of the facts alleged hereafter." 5. Denies the allegations of fact in paragraph 5, wherein it is alleged that the larger note fell due on November 1, 1929, that defendant failed to pay said note or any part thereof within thirty days after its maturity, and that plaintiff had elected to declare the entire amount of said indebtedness due, and had so notified the defendant. 6. "Defendant admits giving of notice of intention to claim ten per cent. attorney's fees, but denies that the same are due as alleged by said plaintiff." 7. Denies paragraph 7, wherein it is alleged that "said sums are due and unpaid, and said defendant fails and refuses to pay same." 8. "And for further plea . . defendant says that said pleadings filed by this plaintiff show that said deed to secure debt was given some days subsequent to the giving of said notes sued upon, and that said deed to secure debt is without consideration and therefore all of its provisions are null and void and without legal and binding effect."

The general demurrer to the foregoing answer was: 1. "That said plea and answer sets out no issuable defense to the suit." 2. "The said plea and answer, being a defense to a suit upon promissory notes under seal, is not verified."

The petition was personally served upon the defendant on

January 1, 1930. It appears that additional time must have been granted the defendant for filing his pleadings. At any rate, his answer was not filed until February 13, 1930. The demurrer to the answer was filed May 15, 1930, and the court convened on May 19, 1930.

When the demurrer to the answer came up for a hearing before Judge Mathews on May 19, 1930, "defendant's counsel . . objected to the same being called or heard, and moved a continuance of said hearing," upon the ground that the defendant, J. P. Cooper, was sick, and that his physical and mental condition was such that it would endanger his life "if he was interviewed or consulted by his counsel in reference to said case and the demurrer heretofore filed." "Upon said motion for continuance there was submitted to the court a doctor's certificate from Dr. Carter, . . who stated that Mr. Cooper was sick and in such condition physically and mentally that it would be dangerous for his attorney to consult him about this cause, or to consult him about swearing to the pleadings heretofore filed in said cause." W. B. Evans, offered as a witness, "stated substantially that he was son-in-law of Mr. Cooper, . . and that he had been sick for some days, and that from the doctor's certificate and from his knowledge it would be dangerous for any one to discuss business with him, and would endanger his life." Counsel for the defendant stated in his place: "that he wanted an opportunity of conferring with his client to see if the general and special demurrers . . could be met, and that he had talked with Cooper on one or two occasions about his business affairs, and that after these conversations Mr. Cooper had spells which rendered him unfit for business; . . that he desired to consult with his client in reference to swearing to the plea heretofore filed, and that he also was unable to properly prepare the necessary pleadings in order to meet the general and special demurrers filed, . . for the reason that without consulting with his client, who was not available on account of his physical and mental condition and sickness, he did not know how and in what manner to prepare said pleadings." After argument the court overruled "this motion for a continuance," and counsel excepted and duly preserved exceptions to this ruling. "On the same date and at the same time and hearing" Judge Mathews sustained every ground of the general demurrer to the answer and

dismissed it. Proper exception was duly taken to this ruling.

The bill of exceptions next recites: "That on May 28th, at the same regular term of the superior court of Houston county, before . . Judge Malcolm Jones, presiding, there came on to be tried the same case. . . When said case was called, counsel for defendant made a motion to vacate the judgment of Judge Mathews made in this case on May 19." We think that the following brief quotation from the statement of Mr. Hatcher in the bill of exceptions suffices to show his position in the premises: "The demurrer was filed just before this term of court. I don't think it makes any difference whether it is the first or second term; but the point I make is, legally you can not require a defendant to be and appear at court when he is physically and mentally unable to do so. . . They are seeking judgment against the property given as security, but also a general judgment against this man, who at the time the demurrer was filed was mentally incompetent to advise his counsel,—which can not be done. . . We are making a motion to vacate that order on that demurrer, because we think a motion for continuance would be proper." We quote further from the bill of exceptions: "Mr. Duncan: We admit Mr. Cooper is in very bad health, and doubtless a very sick man, and is unable to come to court, and is unable to consult with counsel. The court: All that Judge Mathews had before him? Mr. Duncan: Yes, sir. We conceded it then, and we concede it now. This was a hearing upon the writings in the case. . . The court: What was the answer to the proposition as to the answer being sworn to? Mr. Duncan: . . We waived the question as to the answer being sworn to. The court: Assuming it was sworn to, still, would it be a good defense? Mr. Duncan: Judge Mathews held it would not. Mr. Duncan: We don't concede Mr. Cooper is mentally incompetent. The court: If one judge exercises his discretion, another judge can not come along next week and revoke that discretion. That is something one judge can not do for another."

On the hearing before Judge Jones, Dr. R. L. Carter testified: that he had been a practicing physician for twenty-five years, and had recently been attending Mr. Cooper; that the defendant had been sick four years; that for the past three and a half or four weeks the defendant could not reason, and that witness did not

consider him sane on the day of the hearing; that it would be impossible for the defendant to discuss business with counsel; that the defendant had extraordinary blood pressure and Bright's disease, and had been blind for the last three weeks, but "day before yesterday he could see a little;" that "in February of this year his condition was such that it was unsafe for him to confer with counsel;" and that witness "would put that back as far as August or September." Mr. Duncan stated: "I know Mr. Cooper executed deeds and notes, and I will state I have had twenty-five conferences with him about business matters, both for and against him, and I know he was mentally able to take care of himself."

After stating in his place as counsel of record that the defendant had carried on numerous important business transactions during "August, September, October, and December, last year," Mr. S. A. Nunn swore: "Up to and including February, 1930, Mr. Cooper was in full possession of all of his normal mental faculties; he was able to understand the business transactions he was engaged in; he knew the meaning of everything he did and said; he knew the value of a trade and was able to drive as good a bargain as he had ever been during the thirty years I have known him; subsequent to February, 1930, and March, 1930, on two or three occasions Mr. Cooper saw me in my office or on the street in reference to the present suit, and each time I stated, 'Our clients are insisting we take judgment against him at the May term of court.'" Upon the overruling of the defendant's motion Mr. Hatcher moved to continue the case for the reason that "no judgment can be taken against him on account of his not being mentally competent." The court likewise overruled this motion. Exceptions were duly taken to each of the rulings of Judge Jones. The case then proceeded to trial, and the trial resulted in a verdict and judgment against the defendant for principal, interest, attorney's fees, and costs, with a special lien against the real estate with which the debt declared on was secured.

It appears from the Civil Code (1910), § 5628, that it is the design of the law that objections to petitions and pleas shall be promptly passed upon. That section concludes: "The court may on good cause shown allow a reasonable time in his discretion for making and filing such amendment." It does not appear from

the record that "a reasonable time" for making any amendment was asked for, or that any time within which amendments could be made was indicated. Indeed, it is inferable from the alleged condition of the defendant that he would never be able to transact any sort of business again. The motion was merely for a continuance. The defendant had no sort of guardian appointed to represent him.

■ Under the peculiar circumstances of this case (which, in our opinion, differentiate it from *Martin* v. *Nichols,* 121 *Ga.* 506, 49 S. E. 613), we hold that Judge Mathews did not err in denying the continuance, and, by the same token, that Judge Jones did not err in refusing to continue the case.

■ We come next to consider whether or not the demurrer to the plea and answer was properly sustained. If the plea and answer sets out any valid defense to the action, the meat of it is contained in the allegation in paragraph 8 of the answer, to the effect that the security deed is without consideration and null and void because the pleadings show that it "was given some days subsequent to the giving of the notes sued upon." We quote from the security deed: "This conveyance is to be construed as a deed passing title, and not as a mortgage, and is executed for the purpose of securing the payment of a debt of $2,310.06 which is evidenced by two certain promissory notes, dated, due dates and amounts thereof as follows; to wit." This clause is followed by a complete description of each note sued on.

We know of no law to the effect that a security deed is "null and void" merely because it bears date twelve days later than the notes it was given to secure. Of course, no plea of non est factum was filed. We hold that the security deed was valid; that its stipulations, including the one accelerating the due date of the notes, were binding upon the defendant; that the plea and answer set up no legal defense to the action; and that Judge Mathews did not err in sustaining the general demurrer.

We hold also that Judge Jones did not commit error for any reason assigned in the direct bill of exceptions under consideration.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., absent on account of illness.*