No. 115.—JOSEPH J. PRINTUP, plaintiff in error, *vs.* DANIEL , R. MITCHELL, defendant.

[1.] At one term of a Court, a judgment was rendered against a party to which he did not except. At the next term, he moved that a different judgment should be entered, *nunc pro tunc*, in place of that judgment: *Held*, that the motion was properly over-ruled.

[2.] Continuances for " Providential causes," are not to be charged against either party.

Motion, in Floyd Superior Court.    Decided by Judge TRIPPE, December Term, 1855.

In this case, on the same being called in its order, plaintiff moved to charge against the defendant on the docket, a con-tinuance which had been granted at the preceding term, and which the plaintiff had then insisted should be charged to him, but which was not charged to him on the docket.    The Court refused the motion.

The plaintiff having announced himself ready, the defend-ant moved a continuance from Providential cause, on account of the absence of Warren Akin, Esq. one of his Counsel, from sickness.

The plaintiff not resisting the continuance of the case in-sisted, that as Mr. Akin was not the leading Counsel for the defendant, and as he had other Counsel, that the continuance should be charged to the defendant.

The Judge remarking that he knew the value of Mr. Akin's services in the case, and that he knew, personally, of his sickness, refused so to charge it, saying that it was the practice of that Court not to charge continuances for Provi-dential cause.

To all these rulings of the Court, plaintiff excepts.

UNDERWOOD, for plaintiff in error.

ALEXANDER, for defendant.

By the Court.—BENNING, J. delivering the opinion.

In respect to the continuance first granted, it seems that the plaintiff, at the time when it was granted, insisted that it should be charged against the defendant, but that the Court charged it against neither party.    This was a decision.

And if it was an erroneous one, and the plaintiff wished it corrected, he should have excepted to it and brought it before this Court, within the regular time allowed by law. No excuse is offered for the failure to bring the case, thus, before this Court.

The motion made at the next term, to have the continuance charged *nunc pro tunc* against the defendant, and the exception to the refusal of the Court to grant that motion, were but an attempt to bring the decision of the preceding term in review before this Court. That is what they amount to.

[1.] Such a motion the Court was, of course, right in refusing.

Ought the second continuance to have been charged to the defendant?

[2.] We think not. The ground of that continuance, was the absence of Mr. Akin, one of the Counsel for the defendant, and Mr. Akin's absence was occasioned by illness; that is, the ground was "Providential." And the Act of 1854 declares, that continuances for Providential cause, shall not be charged against either party. (*Acts of* 1854–'52.)