GEORGIA A. WORTHY, plaintiff in error, *vs.* H. G. TATE, defendant in error.

Where a case was continued at the first term for providential cause, and before the succeeding term the plaintiff in error died, and there was no representative of his estate, and when the case was called upon the docket, the death of such plaintiff was suggested, and motion was made to dismiss the case upon the ground that the constitutional provision requiring the Supreme Court to dispose of every case at the first or second term after writ of error brought, was imperative, and that the Rule of Court, where its application extended the hearing over or beyond the second term, was in violation of the Constitution:

*Held,* That the mandate of the Constitution relative to the disposition of cases, did not apply to such as fell within the rule of providential cause; that by the Act of organization of this Court, and the Seventeenth Rule adopted under the old Constitution containing a like imperative provision, requiring the Court to "dispose of and finally determine each and every case on the docket of such Court at the first term" after writ of error brought, the provision relating to the making of parties in case of death, was the legal and proper construction of the Constitution in this regard, as provided for in the adoption of this Rule.

*Held, again,* That the Constitution does not imperatively require the disposition of cases where the parties have died without affording the

Worthy *vs.* Tate.

means of compliance with the Rules of this Court, and parties representative can be instituted to prosecute or defend the legal rights of the deceased.

*Held, again,* That at the first term succeeding the death of a party, it is not necessary to show diligence, in this that the death was so recent that parties could not have been procured to administer or qualify to bring the case within the rule of continuances, even under our holding that a temporary administrator may be made a party to carry on the suit. But the death of the party is, in itself, such providential cause as will authorize a continuance at the term next succeeding the decease, where there is no representative of the estate of such deceased party, without proof of diligence at that term, and at that term only.

Motion to dismiss Writ of Error from Troup county.

This writ of error was returned to June Term, 1870. It was then continued because of the sickness of Mrs. Worthy's counsel. When it was called at January Term, 1871, her counsel stated that she had died since the last term, and had no administrator, and proposed to let it stand for the next term to make parties. Defendant's counsel moved to dismiss the writ of error for want of prosecution.

N. J. HAMMOND & BROTHER; LONGLEY & HARRIS, for motion, cited : Constitution 1868, Art. V.; R. Code, section 5170; 41st Ga. R., 32. Temporary administrator could have been made party : R. Code, secs. 2451, 2449; 39th Ga. R., 567.

B. H. BIGHAM, *contra.*

LOCHRANE, C. J.

The question in this case comes before the Court on a motion to dismiss it, under the constitutional provision, requiring " the Supreme Court to dispose of every case at the first or second term after such writ of error is brought :" Code, sec. 5170, Art. V., Judicial Department. It is contended that this constitutional provision is imperative, and, when invoked, admits of no discretionary enlargement, by construction or by rules of the Court, that, in fact, the rules of this

Court which authorizes parties to be made in cases of death, where the application of the rule extends the hearing over the second term, is itself a violation of the Constitution. We recognize, in its fullest extent, the principle and public policy requiring the prompt administration of the law and disposition of cases brought to this Court, and have considered this question in the full light of the constitutional provision adverted to.

The Constitution of this State, under which this Court was organized, contained a more limited time than that prescribed in our present Constitution. In the former, the language was: "And the said Court shall, at each session, in each district, dispose of and finally determine each and every case on the docket of such Court, at the first term after such writ of error is brought." Under the Act of 1845, providing for the organization of this Court, under this constitutional provision, we find, by the 5th section, the legislative construction of what the Constitution means by declaring every case on the docket shall be finally determined at the first term after writ of error brought, and that legislative construction is in the following words: "The Supreme Court shall proceed, at the first term, *unless prevented by providential causes,* to hear and determine," etc., etc.

The mandate of the Constitution that such Court should finally determine every cause at the first term, was, by the Legislature, construed to except such cases as fell within the rule of providential cause. The old Constitution and the new, both, make provision, for cases where the plaintiff in error was not prepared at the first term to prosecute the case, that the case should be stricken and the judgment below be affirmed, unless prevented by providential causes. But the 5th section of the Act of organization of this Court clearly applies to the defendant in error as well as the plaintiff, the intendment of this reasonable rule of providential necessity. And the three Judges who first were called to preside over this Court, two of them now gathered home from the full-

orbed brightness of their judicial fame and the other still spared, an ornament to the profession and the bench, when, in the organization of this Court, they met to adopt rules for its government, gave the same construction; and by Rule Seventeen, similar to the one we have under consideration, they provided, whenever, pending a cause in this Court, either party shall die, how parties were to be made before the case could be heard or finally disposed of.

And the judicial interpretation of the Constitution and Act of the Legislature referred to were passed on in 2d *Georgia*, 411.   Judge WARNER says:   "There is no one feature more indelibly stamped on the face of the Constitution and the Act of the Legislature organizing this Court, than that which prohibits all delay in the trial of causes which are brought before it.   Delay in the decision of causes in the Supreme Court was one of the prominent evils urged against its organization, and we have endeavored faithfully to carry out the will of the Legislature in this particular by closing all the avenues which might lead to such a result."   The decision goes on to press the justice of the constitutional provisions and the Act of organization, concluding, "all delay in the prompt administration of justice was intended to be avoided, except for *providential* causes."

The principle of exception for *providential* cause has been again and again maintained in the practice of the Court, and has been inhibited by no provision of law.   The rule stands on this subject as it was originally framed, and the new Constitution is more liberal than the old one upon this subject.

In this case, we find that, at the first term after the case was brought to this Court, it was continued for providential cause.   This is the second term, and when called, counsel suggested the death of the plaintiff in error.   Under the Rules of the Court, defendant moved to dismiss the case, under the Constitution requiring every case to be disposed of at the first or second term.   We are of opinion that the class of cases to which the Constitution applies are such as

are not within the exception of providential cause. It would be too rigid a construction of our Constitution and laws to apply its provisions to the *dead,* and dismiss cases that have no representatives before the Court. Such is not the interpretation we place upon the requirements of the Constitution.

Providential cause exempts the case from the operation of ordinary rules, and reason demands, in cases of death, the necessary pause until parties representative can be instituted to prosecute or defend the legal rights of the deceased.

After reviewing the original rule adopted in the organization of the Court, we are satisfied it was based on a sound and solid basis of *constitutional justice.* Under it the practice has been long and uniformly acquiesced in, and in affirming it, we feel firmly assured and satisfied of its legal and constitutional provisions.

Applying it to the case at bar. The plaintiff in error died since the last term of this Court. And was there sufficient diligence shown, is case diligence is, by the rule, demanded, to entitle the party to a continuance?

At the first term providential cause intervened, and the Court continued the cause; neither party was charged or chargeable with this continuance. The case was pending in this Court and one of the parties has died, and there is no representation of his estate at this term. This being the first term succeeding the decease of the party, was it necessary at this term to show diligence in this, that the death was so recent? Letters of administration could not have been procured to bring the case within the rule of providential cause. We are indisposed to impose this requirement at the first term succeeding the death of a party.

Since the decision of this Court, recognizing a temporary administrator to be made a party to litigation, much force of argument can be used to carry this requirement of diligence and compel parties to a prompter conformance, in matters of qualification by representatives of estates. But danger to the

interests of estates might result in such haste to procure the proper parties, and death brings to households and families such distress and derangement of affairs, that the spirit of our law stays suits and business for the time necessary to arrange the affairs of the deceased; and the rule which we affirm gives to the opposite party, in this case, the right to move, so as to preclude delay over the appointed time.   And we lay it down, that the death of the party is, in itself, providential cause to continue a case, at the term next succeeding the decease, where there is no representative of the estate of such deceased party, without proof of diligence at that term, and at that term only.

Motion to dismiss overruled.