## MATHEWS v. WILLOUGHBY.

85   289
111   275

A continuance should have been granted on motion properly show-
ing, on the call of the case, that the defendant was sick with pneu-
monia and would be unable to attend court for five or six days, in
connection with his counsel's statement that he could not go to
trial without the presence of his client; the only counter-showing
being to the effect that the defendant was seen two days before,
going from his home.

April 23, 1890.

Continuance.    Practice.    Trials.    Before Judge JEN-
KINS.    Madison superior court.    September term, 1889.

Reported in the decision.

D. W. MEADOW, for plaintiff in error.

THOMAS & STRICKLAND, contra.

BLANDFORD, Justice.

When this case was called in the court below, there
was a motion by counsel for the plaintiff in error to
continue, counsel stating in his place that he could not
go to trial without the presence of his client—that his
client was sick and unable to attend court ; and he pre-
sented to the court an affidavit of a physician, which
affidavit shows that, the day before the case was called,
he had visited the plaintiff in error, and that he had
pneumonia and would be unable to attend court for the
next five or six days.    It was further shown, by an-
other person who was in court, that he knew the plain-
tiff in error, and that he saw him on the morning the
case was called, and that he was very sick and unable
to come to court.    A counter-showing was made, but
neither the facts testified to by the physician, nor those
testified to by the other witness, were shown to be un-
true; but it was shown that on Friday or Saturday be-
fore the court met on Monday, the plaintiff in error
was up and going about, and that he went a short dis-
tance from his home.    The court overruled the motion
to continue, and to this the plaintiff in error excepted.

It was the right of the plaintiff in error to be present at the trial of his case, either to try the case himself, or to assist his counsel upon the trial. To refuse a continuance, under the facts of this case, was to deny him that privilege. His counsel had stated that his client's presence was necessary, and that he could not go to trial without him. Under the rule, he had merely to state that he could not safely go to trial; but the statement of counsel went beyond this, and showed not only that he could not safely go to trial, but that he could not go to trial at all. We know of no rule which requires counsel to state why it is necessary that his client should be present. The client has the right to be present to give his testimony, if it be admissible; to assist his counsel in striking a jury; and in any other way aid counsel if he think proper. For the reasons stated, we reverse the judgment of the court below and direct that a new trial be granted. *Judgment reversed.*