## MORSE *v.* LOWE.

Where upon a motion for a continuance made in behalf of a claimant, it appeared that the claimant was providentially prevented from attending the trial, and the claimant's counsel stated, in his place, that he could not go safely to trial without the presence of his client, and no countershowing was made, it was erroneous to overrule the motion, although the entry, "Continued for sickness of claimant's family," had been made upon the docket at a previous term.

Argued April 27, — Decided July 12, 1900.

Levy and claim. Before Judge Janes. Douglas superior court. December 1, 1899.

*W. A. James,* for plaintiff in error. *J. S. James,* contra.

FISH, J. This is a claim case. When it was called for trial in the court below, counsel for claimant made a motion for a continuance, upon the ground that the claimant was sick and unable to attend court, the counsel stating in his place that he could not go safely to trial without her presence and that he needed her as a witness. The proof submitted in support of this motion was the affidavit of a physician and the testimony of the claimant's father. The physician testified that the claim-

ant was ill, would not be able to leave her home within the next two or three weeks, and that it would be impossible for her to attend court during that period of time. The claimant's father testified that she was sick, wholly unable to attend court, and was under the treatment of a physician. No counter-showing was made. The court overruled the motion, the case proceeded to trial, and there was a verdict finding the property levied upon subject. The claimant made a motion for a new trial, one of the grounds of which was that the court erred in overruling the motion for a continuance. The motion for a new trial being overruled, the claimant excepted.

There was no continuance charged against the claimant on the docket, unless the entry, "Continued for sickness of claimant's family, Nov. Term, '96," can be so considered, but as "continuances for providential causes are not to be charged against either party" (*Printup* v. *Mitchell*, 19 *Ga.* 587), this entry is to be considered, not as a charge of a continuance against the claimant, but as merely giving the reason for a general continuance of the case. So the question whether the claimant's continuances were exhausted does not arise. Counsel for claimant made a complete showing for a continuance. He proved that his client was confined at home by illness, and unable, on that account, to attend court, and stated in his place that he was unable to go safely to trial without her presence. Nothing more was needed. Civil Code, § 5131; *Connell* v. *Sharpe*, 32 *Ga.* 443; *Mathews* v. *Willoughby*, 85 *Ga.* 289. The law required a continuance, under the showing made, and therefore it was error to refuse it.

*Judgment reversed. All the Justices concurring.*