## OWEN *v.* SWEAT *et al.*

Where a showing for a continuance is made, based upon the providential absence of a party, and evidence is introduced which denies that the absence of the party is due to providential cause, and this testimony is sufficient to rebut the showing for a continuance, the determination of the issue of fact thus raised is a matter for the trial judge, and the exercise of his discretion can not be said to have been abused if there was sufficient evidence to support the counter-showing.

No. 3453.    MAY 15, 1923.

Appeal from probate of will. Before Judge W. E. Thomas. Brooks superior court. September 23, 1922.

T. A. Sweat and S. S. Bennett filed their petition in the court of ordinary of Brooks county, seeking to probate in solemn form the will of R. K. McCord, in which they were named as executors. In their petition Lucy F. Owen was named as one of the heirs at law of their testate. She filed her caveat objecting to the probate of the will; alleging as grounds of objection, first, that the testator was not of sound and disposing mind at the time of making the will; and second, that the will was not freely and voluntarily made, but that the testator was moved thereto by undue influence and persuasion. At the October term of the court of ordinary the ordinary found against her and in favor of the propounders, and she appealed to the superior court of Brooks county. The case was tried at the May adjourned term of Brooks superior court, on July 31, 1922, and the jury returned a verdict in favor

of the propounders and establishing the will, and the court there-upon rendered judgment. The caveatrix, Miss Owen, moved for a new trial on the general grounds, and later filed her amended motion in which she set up that the court committed error in re-fusing to continue said case after a proper and legal showing had been made which entitled her to such continuance. The court overruled her motion for a new trial, and she excepted.

The motion for a continuance was based upon the illness of the caveatrix, and her counsel offered affidavits tending to show that she was unable to attend court on account of sickness caused by an attack of appendicitis. The same showing had been made when the case was called for trial on the first day of May. At that time the trial judge continued the case, setting the same for trial on May 27th, and granted to the propounders the right to make a counter-showing as to the ability of the caveatrix to attend court. On May 27th a postponement of the case was granted. At the hearing of the motion for a continuance on July 31st, the evidence presented was very conflicting, counsel for the caveatrix intro-ducing affidavits tending to show that his client was still suffering from appendicitis and was unable to attend court. The pro-pounders offered affidavits to impeach the showing of the caveatrix, and tending to show that Miss Owen had been about her business in Phoenix, Alabama, for some time prior to the date of the trial, in fact at the time the previous showings had been made; and that she was able to attend court.

*D. L. Parmer, Whitaker & Dukes,* and *Rosser, Slaton & Hopkins,* for plaintiff in error.

*Branch & Snow* and *Bennet & Harrell,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) The only question raised under the present record is whether the court erred in refusing a motion to continue the case. There is another ground in the amendment to the motion for a new trial, as well as the ordinary general grounds of the original motion for new trial; but since no reference is made to anything in the brief other than the two grounds of the motion for new trial with reference to the continuance, all other assignments of error must be treated as having been abandoned by the plaintiff in error.

The motion for a continuance was based upon the absence of the plaintiff in error, alleged to have been due to providential cause,

to wit, sickness on her part which rendered her unable to be present. The plaintiff in error lived at Columbus, Georgia, and the case was to be tried at Quitman, Georgia, and the showing was to the effect that the plaintiff in error (caveatrix to a will sought to be propounded in the lower court) was too sick to come from Columbus to Quitman or to attend court, coupled with the statement of her counsel that he could not safely go to trial without the presence of his client. The case was one of appeal from the court of ordinary to the superior court.

Section 5723 of the Code of 1910 upon the subject of continuances provides that " No appeal case shall be continued more than twice by the same party, except for providential case, and for which it may be continued as often as justice may require." Section 5717 of the. Code of 1910 is as follows: " If either party shall be providentally prevented from attending at the trial of any cause, and the counsel of such absent party will state in his place that he cannot go safely to trial without the presence of such absent party, such cause shall be continued, provided his continuances are not exhausted." It is insisted by the plaintiff in error that § 5723 necessarily refers to continuances from term to term, and not from week to week, and that the inference is clear that any party to an appeal case is entitled as a matter of law to two continuances — certainly for providental cause, and as many more as justice may require; it being insisted that as Brooks superior court is not a court that remains as a matter of law in continuous session for thirty days or more, section 5723 of the Code of 1910 has no application to the question now before us.

Plaintiff in error insists that her continuances were not exhausted, for two reasons: First, because under § 5723, this being an appeal case, she was entitled to at least two continuances for providential cause. Second, as a matter of general law, a continuance for providential cause is not chargeable to either party. *Printup* v. *Mitchell*, 19 *Ga.* 586; *Morse* v. *Lowe,* 111 *Ga.* 274 (36 S. E. 688). The showing of the plaintiff in error would be unanswerable, were it not that the evidence adduced upon the hearing of the motion is in conflict. However it appears from the record that there was evidence to authorize the trial judge to find that the absence of the party was voluntary, and not due to providential cause; and the question before us is whether it can

be said that the judge in this case abused that wide discretion with which he is clothed by law to determine finally and beyond appeal the credibility of the witnesses. There was testimony introduced in behalf of the plaintiff in error which, if uncontradicted, would have demanded a continuance of the case; but on the other hand there was testimony that indicated that the absence of the plaintiff was not due to sickness, several witnesses testifying to her ability to come back and forth daily to her place of business, and she was seen by several engaged in her ordinary vocation of a milliner just a few days before the day set for the trial. Of necessity the trial judge is so much nearer the source of such testimony, and so much more fully equipped with an understanding of the attendant circumstances affecting the witnesses as well as their general reputation for truth and veracity, than a court of review can be, that the credibility of testimony introduced upon a motion for a continuance as well as all interlocutory proceedings must be lodged in him. From the brief of the evidence we can not determine that the witnesses as to the physical condition of the plaintiff in error upon the part of the plaintiff in error are more credible than those who testified in behalf of the defendant in error; and for that reason we can not adjudge that the learned trial judge abused his discretion in appraising the value of the testimony supporting the counter-showing rather than those whose testimony perfectly supported the motion for a continuance.

*Judgment affirmed. All the Justices concur.*