## 29965. GAINES *v.* ALEXANDER.

Decided May 28, 1943. Rehearing denied June 10, 1943.

*J. B. McGinty,* for plaintiff in error.   *J. T. Sisk,* contra.

Stephens, P. J.   This is a suit by A. B. Alexander against Mrs. Willie M. Gaines to recover on an alleged open account and on alleged promissory notes.   The petition, as amended by the striking of allegations therein and the exhibit thereto constituting a suit on open account, constitutes a suit only on promissory notes, purported copies of which appear in an exhibit attached to the petition, and on checks.   In one of the four purported copies of the alleged notes appearing in the exhibit, it is recited that it is "negotiable and payable at etc."   In another of said notes there is recited a promise to pay so many dollars "etc. with interest from date etc."   In another of said notes there is recited a promise to pay so many dollars "for value received with interest from date etc."   In another of these notes there is recited a promise to pay so many dollars "for value received with interest after date until paid at 8% per annum etc."   So far as it appears from these notes as copied in the exhibit the expression "etc." forms part of the language of each note.   There is no merit therefore in the special demurrer to this exhibit on the ground that by reason of the expression "etc."

the notes are not set out or copied in full. If these notes as copied in the exhibit are not true copies of notes executed by the defendant, such objection should be made by plea and not by demurrer.

In addition to the above there are recitals in the exhibit of an alleged indebtedness represented by four checks, with the amount of each check, the date thereof, and the amount of interest due at 5% to a recited date. Nowhere is any one of these checks set out and copied in full. There is no demurrer on this ground. The defendant demurred specially to the exhibit as a whole on the ground that the exhibit was not "understandable," and from the "meagre data given" the defendant can not fully answer or "make, verify, and file pleas of non est factum, since she is obviously without the facts, figures, and exhibits to which she is lawfully entitled." Neither the notes set out in the exhibit, as appears copied in full, nor the memoranda as to the amounts due on the checks and the dates, are subject to this ground of the demurrer that the exhibit is not "understandable" etc. as above alleged in the demurrer. The amendment to the petition, which was allowed subject to objection, and in which it is alleged that copies of the notes sued on "are hereto attached and made a part of this petition and other evidences of indebtedness as set out in the eight listed lines of the exhibit B to the petition," either by itself, or as part of the petition as amended, is not subject to these grounds of the special demurrer. The court therefore did not err in overruling the demurrers to the petition or to the petition as amended.

When the case was called for trial at the August term, 1942, of the court, counsel for the defendant moved for a continuance on the ground that "the cause was not ripe for trial because a special demurrer had been seasonably filed to the plaintiff's petition," and that this demurrer had not been heard and determined; and also on the ground of the absence of the defendant on account of illness and her inability to be present; and that counsel was unable to go to trial without the presence and aid of the defendant. In response to this motion the court passed an order reciting that it being probable that on account of illness the defendant would not be able to attend court at the November term, or any subsequent term, ordered that the case be "put upon terms," and that testimony of the defendant be taken by depositions before the November term, and that in the absence of such testimony the case would be called

for trial at the November term and tried if no reason other than the illness of the defendant should appear. The defendant assigned error on this order on the ground that the action of the court in placing the defendant on "terms," as appears in the order, was a gross abuse of discretion and an arbitrary exercise of power under the circumstances.

At the November term of the court, when the case was called for trial, counsel for the defendant again made a motion to continue on substantially the same ground on which the motion for continuance had been made at the August term. The court then overruled the demurrer to the petition. On this same date the court heard evidence on the motion for a further continuance of the case which was based on the alleged ground of inability of the defendant on account of sickness to be present at court. The court overruled the motion to continue, and after hearing evidence for the plaintiff, none of which appears of record, directed a verdict for the plaintiff in an amount representing the indebtedness evidenced by all the items appearing in the exhibit to the petition. Counsel for the defendant excepts to the judgment overruling the motion to continue on the grounds that it was an arbitrary. action by the court, a gross abuse of discretion under the circumstances, and was error affecting the verdict and final judgment for the plaintiff.

Manifestly the court did not err in sustaining the first motion of counsel, made at the August term, to continue the case, although the court in its order continuing the case did so on terms that the defendant's depositions should be taken before the subsequent November term, that, in the absence of such depositions having been taken by the November term, the case would be called for trial if no reason other than the illness of the defendant should appear. By this order the defendant obtained a continuance of the case. So far the order sustained the motion of counsel for the defendant and was therefore favorable to her. The terms mentioned in the order related to nothing which went into immediate operation. The terms amounted to an expression only of a mere intention of the court as to what its conduct would be as respected a motion to continue at the November term. These terms were necessarily subject to modification by the court in its discretion at the November term. Besides, the court has a right to exer-

cise a sound discretion in passing on motions for continuance, and an order continuing a case will not be reversed unless such discretion has been manifestly abused. It can not reasonably be said that the court abused its discretion in continuing the case from the August term to the November term on the terms indicated, that in the meantime the depositions of the defendant be taken, and, if not, taken by the November term, the case would not be continued on the ground of the defendant's illness alone. Code, §§ 81-1412, 81-1419. As respects the judgment overruling the motion to continue, on the ground of the absence and sickness of the defendant and her inability to attend court, made by counsel at the November term, at which the case was actually tried, it can not be determined whether the court was putting into effect the terms contained in the former order passed at the August term, or, without being bound by the terms of the former order passed a new and original order overruling the new motion to continue based on the same ground as was the former motion, namely, that the defendant on account of sickness was unable to be present at the trial. Therefore it can not be concluded that the court erred in the passage of the order at the August term in putting counsel on the terms as therein indicated.

From the evidence adduced on the hearing of the motion for continuance made at the November term, at which the case was tried, it appears without dispute that the defendant at that time was ill and not in a condition to make depositions without serious jeopardy to her health and life; that on account of her physical condition she had not been able to make depositions since the August term, at which the first continuance was granted; that she was aged and decrepit, was about eighty years of age, and had a complication of diseases "which render her too sick to attend any court at all for any conceivable purpose;" that she was highly excitable, cried easily, was emotional and nervous, and had had a stroke of paralysis rendering one side completely inactive; and that she was in her last illness. In passing on the motion to continue the case the court was authorized to find that the defendant, since the August term and at the present term, was unable to assist in the trial by giving depositions; that she would never be able to attend court; and that had she been present at the time of trial could have been of no substantial aid to her counsel in conducting the case.

Besides, on the same ground urged by counsel at the November term for a further continuance, the case had been continued once at the instance of counsel for the defendant in the order passed at the August term. "All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused as the ends of justice may require." Code, § 81-1419. Even if counsel·can not be held to have exhausted his right to a continuance on the same ground urged at the August term, it was nevertheless, under the evidence, a question within the sound discretion of the court to refuse at the November term to grant a further continuance of the case.

A holding that the court erred in refusing a further continuance on the ground of the absence of the defendant on account of sickness from which it appeared that she would never recover, would be equivalent to holding that the plaintiff will never be able to obtain a trial of the case. The law does not contemplate that a plaintiff can never bring his case to trial. Such a situation would be a denial of a plaintiff's right to have his cause adjudicated in a court of justice.

The court did not err in overruling the motion to continue the case and in ordering the case to trial. No error appears.

*Judgment affirmed. Sutton and Felton, JJ., concur.*