## 53614. SIRMANS v. JONES.

QUILLIAN, Presiding Judge.

Plaintiff appeals from the direction of a verdict in favor of the defendant. *Held:*

1. Plaintiff's counsel contends that it was error for the trial judge to refuse to grant a continuance predicated on the plaintiff's illness and physical infirmity. According to the recitation of facts contained in the trial judge's order, plaintiff's counsel tendered a doctor's affidavit and stated in his place that he could not safely go to trial without plaintiff's presence. In addition, it appeared the plaintiff was ill and in a nursing home at a previous term; that on request defendant consented to having the case carried over; that "about four years ago" a virtually identical lawsuit by the plaintiff against the defendant had been filed and then voluntarily dismissed; that plaintiff's counsel stated that he did not reasonably expect the plaintiff to ever be able to come to court.

Under Code § 81-1412 a party's motion for continuance based on providential prevention from attending trial shall be granted upon a proper showing and provided his continuances are not exhausted. In *Martin v. Nichols,* 121 Ga. 506 (3) (49 SE 613), it was held: "It is error to refuse a first continuance when it is shown that the party is ill and his counsel states in his place that he can not safely go to trial without the presence of his client." See *Mathews v. Willoughby,* 85 Ga. 289 (11 SE 620); *Morse v. Lowe,* 111 Ga. 274 (36 SE 688).

Nevertheless, a recent opinion of our Supreme Court appears to be controlling. See *Williford v. Williford,* 230 Ga. 543 (198 SE2d 181). There the defendant's wife

requested a continuance for illness and a physician's affidavit was introduced showing a court appearance would be detrimental to her health. It further appeared that her condition was "chronic." The Supreme Court held, after quoting Code § 81-1412, that whether a continuance should have been granted was a matter within the legal discretion of the trial judge. Accord, *Leathers v. Leathers,* 132 Ga. 211 (63 SE 1118). See *Gaines v. Alexander,* 69 Ga. App. 512, 516 (26 SE2d 130), where this court held that requiring a continuance in a situation where the defendant might never recover from her illness "would be equivalent to holding that the plaintiff will never be able to obtain a trial of the case." See also Code § 81-1419. Following what we construe to be the mandate of the Supreme Court, under the circumstances here, it was not error to fail to grant a continuance.

2. "The order of the court granting a motion for a directed verdict is effective without any assent of the jury." CPA § 50 (a) (Code Ann. § 81A-150 (a); Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). "Under this provision it seems plain enough that no signed verdict is required." *Bennett v. Associated Food Stores,* 118 Ga. App. 711, 712 (165 SE2d 581).

3. The remaining enumerations of error are without merit.

*Judgment affirmed. Marshall and Shulman, JJ., concur.*

SUBMITTED MARCH 8, 1977 — DECIDED APRIL 5, 1977 — REHEARING DENIED APRIL 29, 1977 — ▮▮▮▮▮▮▮

*Edward Parrish,* for appellant.
*Clarence A. Miller,* for appellee.