A09A1645. McLELLAN et al. v. CHILIVIS, COCHRAN, LARKINS & BEVER, LLP.
(692 SE2d 26)

SMITH, Presiding Judge.

Following a jury trial, A. Anthony McLellan, Mach II Software, Inc. ("McLellan") and Newco appeal from a $671,939.69 judgment in

favor of Chilivis, Cochran, Larkins & Bever, LLP ("Chilivis"). McLellan asserts that (1) the trial court's order should be vacated because it lacked subject matter jurisdiction; and (2) the trial court erred by denying his motion for a continuance. For the reasons set forth below, we affirm.

1. McLellan asserts the trial court lacked subject matter jurisdiction to try the case because the parties agreed to submit their dispute to binding arbitration. We disagree. "Subject matter jurisdiction is conferred to a court by state law, and cannot be extended or divested by waiver or agreement of the parties." (Citations omitted.) *Euler-SIAC S.P.A. v. Drama Marble Co.*, 274 Ga. App. 252, 254 (1), n. 2 (617 SE2d 203) (2005).

To the extent McLellan argues that the Georgia Arbitration Code precludes a verdict in Chilivis's favor, we find that he waived this argument by acting in a manner inconsistent with this right to the prejudice of Chilivis. See *Ed Voyles Jeep-Chrysler v. Wahls*, 294 Ga. App. 876, 877-878 (670 SE2d 540) (2008). The record shows that Chilivis filed suit against McLellan for attorney fees on February 4, 2000 in connection with legal work Chilivis provided to McLellan and Mach II Software, Inc., a corporation for which McLellan served as chief executive officer. Before McLellan filed an answer, he entered into a stipulation with Chilivis in which they agreed to "in good faith consider, separately or in combination, mediation, arbitration, compromise or settlement." The stipulation also provided that if it were terminated by either party, McLellan would then have 45 days to file an answer and responses to Chilivis's first request for admissions.

Sometime between November 20, 2000 and August 24, 2001, the parties voluntarily submitted themselves to the authority of three communicants of their church to "inquire into, determine and adjudicate with complete finality" whether McLellan was individually responsible to pay Chilivis's attorney fees.[1] The agreement further provided that "if either party fails to follow the decision of the communicant panel, or if the communicant panel fails to render a unanimous decision, then neither party will be bound by the terms and conditions of this agreement."

On August 27, 2001, Chilivis filed a notice of termination of the February 22, 2000 stipulation and demanded that McLellan file an answer and responses to discovery. Chilivis ensured that McLellan was personally served with a copy of the notice of termination. On October 8, 2001, McLellan filed an answer to the complaint as well as a

---

[1] The attorney fee dispute did not relate to any legal work performed by Chilivis for the church. Instead, it relates to Chilivis's representation of McLellan and Mach II Software, Inc. in a lawsuit completely unrelated to the church.

response to Chilivis's first request for admissions, but failed to raise a defense based upon arbitration, despite the fact that McLellan's counsel was one of the members of the church panel who had previously issued a final decision. On April 8, 2002, Chilivis served a second request for admissions on McLellan's counsel, and McLellan's counsel provided a written response on May 8, 2002.

Chilivis filed demands for trial on December 9, 2004 and October 15, 2007, and served copies of the demands on McLellan's counsel. At no point before the jury trial on November 27, 2007, did McLellan or his counsel raise the defense that a court proceeding was barred by a binding arbitration award. Indeed, during the trial, McLellan's counsel asserted that the agreement "couldn't be binding."

These facts demonstrate that McLellan took actions in the litigation that were inconsistent with his alleged arbitration rights. These actions prejudiced Chilivis by putting the firm through the time and trouble of preparing for and participating in a trial and are sufficiently prejudical to warrant a determination that McLellan waived his right to assert that a binding arbitration award precluded this litigation. Id.; *Wise v. Tidal Constr. Co.*, 261 Ga. App. 670, 674-675 (2) (583 SE2d 466) (2003).

2. McLellan asserts the trial court erred by denying his counsel's motion for continuance when the case was called for trial on November 27, 2007. The record shows that Chilivis served a demand for trial dated October 12, 2007 on McLellan's counsel of record. On November 5, 2007, the case was listed in a published trial calendar beginning the week of November 20, 2007. McLellan's trial counsel first learned about the scheduled trial on November 19, 2007, when he received an email from Chilivis's counsel that included a proposed pretrial order. McLellan's trial counsel had "forgotten about th[e] case" and began trying to contact McLellan, with whom he had had no contact for five years. Trial counsel did not request a continuance at the November 20, 2007 calendar call, but did inform the court that he did not know where his client was located.

The day before the case was called for trial, counsel located McLellan in Australia and learned that he could not come to the United States the next day. On the morning the case was scheduled for trial, counsel moved for a continuance and asserted that he could not safely proceed without his client because "[t]here's numerous statements that he's alleged to have made that I have no knowledge of that I can't admit to. There would be an enormous number of foundation arguments which have to be addressed. As these documents, if my client were here, it would actually go quicker." The trial court denied the motion for continuance, noting in part, "It sounded to me, like, what I heard was that your client had abandoned you. You hadn't had any interaction, any communication, any correspon-

dence, didn't know where he was, didn't have an address."

On appeal, McLellan asserts he was entitled to a continuance under OCGA § 9-10-154, which provides:

> If either party is providentially prevented from attending the trial of a case, and the counsel of the absent party will state in his place that he cannot go safely to trial without the presence of the absent party, the case shall be continued, provided the continuances of the party have not been exhausted.[2]

"In Georgia, all applications for continuances are addressed to the sound legal discretion of the trial court." (Citation, punctuation and footnote omitted.) *King v. Irvin*, 273 Ga. App. 64, 65 (614 SE2d 190) (2005). And, "[i]n all cases, the party making an application for a continuance must show that he has used due diligence." OCGA § 9-10-166.

The record before us fails to show that McLellan was absent due to the providential cause contemplated by OCGA § 9-10-154. "Providential" is defined as "[o]f or resulting from divine providence" or "[h]appening as if through divine intervention." American Heritage Dictionary (Second College Edition). The Georgia Supreme Court has recognized that the providential cause contemplated by OCGA § 9-10-154 includes illness or death. Cf. *Owen v. Sweat*, 155 Ga. 559 (117 SE 749) (1923) (trial court did not abuse "wide discretion" by denying continuance when evidence conflicted as to whether party absent due to illness); *Worthy v. Tate*, 42 Ga. 392, 397 (1871) ("death of the party is, in itself, providential cause to continue a case").

In this case, McLellan's absence was not due to providential cause, but instead the failure of McLellan and his counsel to maintain communication about a pending case. Moreover, McLellan failed to maintain contact with his counsel after having been personally served with notice that Chilivis had terminated the stipulation to pursue alternative dispute resolution. This demonstrates a lack of the due diligence required to obtain a continuance.

> Where parties have a case in court, it is their duty to attend and look after their interests. They can not remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them. They are bound

---

[2] When considering this question, we will only consider the evidence before the trial court at the time it denied the motion for continuance. *King v. Irvin*, 273 Ga. App. 64, 66, n. 7 (614 SE2d 190) (2005).

to take notice of the time and place of trial and of when their presence is required.

(Citations and punctuation omitted.) *Ayer v. James*, 120 Ga. 578, 581 (48 SE 154) (1904). Based upon these facts, we cannot conclude that the trial court abused its discretion by denying McLellan's motion for continuance. *Beazley v. DeKalb County*, 87 Ga. App. 910, 911-912 (1) (75 SE2d 657) (1953), reversed on other grounds, 210 Ga. 41 (77 SE2d 740) (1953) (trial court did not abuse discretion by denying continuance to party who had been out of town and did not know about proceeding until four or five days before the hearing).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED MARCH 2, 2010.

*Deborah A. Ausburn*, for appellants.
*Douglas H. Tozzi, L. Matt Wilson*, for appellee.