## A11A1512. BOCKER v. CRISP et al.

(722 SE2d 186)

PHIPPS, Presiding Judge.

After conducting a trial in this case without defendant Mark Bocker or his attorney present, the superior court entered judgment against Bocker and in favor of Pam Crisp. Bocker appeals from the judgment, contending that the court abused its discretion in (1) denying his motion for continuance when illness prevented him from appearing at the trial of the case, and (2) denying his motion to reconsider the ruling on the motion for continuance and to set aside the judgment. For the reasons that follow, we affirm.

Crisp filed a petition in probate court seeking, inter alia, removal of Bocker as administrator of her stepfather's estate and damages for his alleged breach of fiduciary duties. After conducting a hearing, the probate court entered judgment in favor of Crisp, removing Bocker as administrator and awarding her damages.[1] Bocker appealed the judgment to superior court. The court scheduled the trial of the case for December 15, 2010.

---

[1] The court appointed Michael Prieto (county administrator) as Bocker's successor. Along with Crisp, Prieto was named as an appellee in the action filed in superior court and is so named in the appeal in this court.

On December 13, 2010, Bocker's attorney filed a motion for continuance on the grounds that he (counsel) had not recovered from knee replacement surgery. Attached to the motion was a physician's affidavit stating that Bocker's attorney was unable to resume normal activity for at least two more weeks. The attorney also stated in the motion that he had received information that Bocker had been admitted to a rehabilitation facility for treatment, that Bocker would not be permitted to leave the facility prior to January 19, 2011, and that Bocker's stay may be extended beyond that date. Thus, Bocker's attorney stated, it was not possible for either he (counsel) or Bocker to appear in court on December 15. No documents were attached to support the attorney's claim that Bocker was unable to appear in court.

Bocker's attorney further stated in the motion that opposing counsel had "consented to a continuance of this matter to January 26, 2011." Bocker's attorney then "move[d] this Court for a continuance of the scheduled hearing in this matter to January 26, 2011, or such later date as may be convenient for the Court." Bocker's attorney prepared and presented to the court an "ORDER FOR CONTINUANCE," which provided: "it appearing that good cause exists to grant said Motion and that opposing counsel have consented thereto, it is therefore ORDERED, that said hearing be continued to January 26, 11 at 9:00 o'clock A. M., in Courtroom ___ [_____, 2011, at ___ o'clock ___ .M., in Courtroom ___]." The letter "D" was handwritten in the space following the first "Courtroom" and a line was drawn through the material inside the brackets. The order was signed by Bocker's attorney, by opposing counsel (by Bocker's attorney with express permission), and by the court. Bocker's attorney served the motion for continuance and proposed order on opposing counsel by mail on December 10, 2010. The order signed by the attorneys and the court was filed on December 13, 2010.

On January 24, 2011, Bocker filed an amended motion for continuance. In it, Bocker's attorney stated that Bocker was still in a rehabilitation facility and would not be released until February 26, at the earliest. Thus, Bocker's attorney asserted, Bocker would not be able to appear in court until early March and counsel could not proceed without Bocker's assistance and testimony; his attorney requested a continuance of the hearing until March 7, 2011 (or such later date as may be convenient for the court). No documentation was attached to support the claim that Bocker was ill or otherwise prevented from appearing in court.

On January 26, 2011, the case came on for a hearing before the superior court. The court noted in its judgment that Bocker had filed an amended motion for continuance, that the court had not excused Bocker or his attorney from appearing, and that Bocker and his

attorney failed to appear "at the hearing scheduled for January 26, 2011." The court denied Bocker's amended motion for continuance and, after hearing the issues and considering the full record and all submissions and arguments, entered judgment against him.

1. Bocker contends that the trial court erred in denying his amended motion for continuance. He asserts that illness prevented his court appearance and that he was entitled to a continuance under OCGA § 9-10-154, which provides:

> If either party is providentially prevented from attending the trial of a case, and the counsel of the absent party will state in his place that he cannot go safely to trial without the presence of the absent party, the case shall be continued, provided the continuances of the party have not been exhausted.

To be entitled to a continuance pursuant to OCGA § 9-10-154, a party must present evidence of some character, under oath, that the absent party was in fact providentially prevented from attending the trial of the case.[2] In Georgia, all applications for continuances are addressed to the sound legal discretion of the trial court.[3]

In this case, Bocker failed to present any evidence under oath that he was prevented from attending the trial of the case. "A statement by counsel of the absent party . . . that [the party] was ill and could not attend court was not a sufficient showing in support of the motion" for continuance.[4] Because factual assertions contained in a party's brief to the lower court are not evidence,[5] Bocker's attorney's assertions in the amended motion for continuance regarding Bocker's health were not evidence.[6] Given Bocker's failure to present any sworn evidence that he was in fact providentially prevented from attending the trial of the case, the superior court did not abuse its discretion in denying his amended motion for continuance.[7]

2. Bocker contends that the court abused its discretion in failing

---

[2] *Americani v. Sidky*, 199 Ga. App. 823, 824 (406 SE2d 259) (1991).

[3] *McLellan v. Chilivis, Cochran, Larkins & Bever, LLP*, 302 Ga. App. 562, 565 (2) (692 SE2d 26) (2010).

[4] *Americani*, supra at 823 (2) (citations and punctuation omitted).

[5] See *Tahamtam v. Sawnee Electric Membership Corp.*, 228 Ga. App. 485, 486 (491 SE2d 918) (1997) (factual assertions in the parties' briefs to the lower court are not evidence).

[6] Id.

[7] See *King v. Irvin*, 273 Ga. App. 64, 65-66 (614 SE2d 190) (2005) (counsel's statements that client could not attend trial because he had received military orders were insufficient to support continuance motion absent evidence of said orders or other evidence of his service requirements).

to set aside its judgment, as requested in his motion for reconsideration, because his attorney had no notice of the January 26, 2011 trial date. Bocker argues that he was entitled to have the judgment set aside pursuant to OCGA § 9-11-60 (d)[8] based on the court's failure to give his attorney notice of the trial date.[9] We review a trial court's ruling on a motion to set aside judgment under OCGA § 9-11-60 (d) (as well as a ruling on a motion for reconsideration) for abuse of discretion.[10]

OCGA § 9-11-40 (c) pertinently provides:

> The courts shall provide for the placing of actions upon the trial calendar: (1) Without request of the parties but upon notice to the parties; or (2) Upon request of a party and notice to the other parties. . . .

Here, the court placed the case on the January 26, 2011 trial calendar upon Bocker's request (with the consent of the other parties and pursuant to a consent order signed by the court). Therefore, pursuant to OCGA § 9-11-40 (c) (2), the court was not required to provide Bocker with notice of the trial date he specifically requested in the order he prepared. The cases upon which Bocker relies are inapposite, as they did not involve a consent order setting forth a particular trial date and the holding of the trial on that date; and, not only did the instant case involve a consent order that set forth the date on which the trial was later held, the consent order here was prepared, signed, presented to the court and served upon opposing parties by the party claiming to have had no notice of the trial date.[11]

---

[8] OCGA § 9-11-60 (d) pertinently provides that a motion may be brought to set aside a judgment based upon: (1) lack of jurisdiction over the person or subject matter; (2) fraud, accident or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) a nonamendable defect which appears on the face of the record or pleadings.

[9] Although the denial of a motion to set aside a judgment is ordinarily subject to the discretionary appeal procedure (OCGA § 5-6-35 (a) (8)), the denial is reviewable here in conjunction with Bocker's appeal from the superior court's judgment reviewing the probate court's decision; the superior court's judgment reviewing the probate court's decision is directly appealable under OCGA § 5-6-34 (a) (1). See OCGA §§ 5-6-35 (a) (1), 5-6-34 (d); *Martin v. Williams*, 263 Ga. 707, 709-710 (3) (438 SE2d 353) (1994) (provisions of the Georgia Appellate Practice Act must be liberally construed, and OCGA § 5-6-34 (d) is broad enough to permit a party to raise in the appeal of a directly appealable order issues regarding an order that, standing alone, is subject to the application requirements of OCGA § 5-6-35).

[10] *Stephens v. Alan V. Mock Constr. Co.*, 302 Ga. App. 280, 281 (1) (690 SE2d 225) (2010); *Moore v. Davidson*, 292 Ga. App. 57, 58 (663 SE2d 766) (2008).

[11] See *Moore*, supra (lack of notice of trial date constituted a nonamendable defect appearing on the face of the record and authorizing setting aside the judgment where court clerk sent notice of the trial date to pro se appellant at the wrong address, where appellant's former attorney had notified the court of appellant's proper address, and notice was

> Where parties have a case in court, it is their duty to attend and look after their interests. They can not remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them. They are bound to take notice of the time and place of trial and of when their presence is required.[12]

Bocker's attorney requested that the trial be held on January 26, 2011, obtained consent of opposing counsel for that date, prepared and submitted a proposed consent order to the court scheduling trial for that date, and served opposing counsel with the proposed consent order setting forth that date as the trial date.[13] Under the circumstances presented in this case, Bocker's attorney had a duty to attend court on January 26 and look after his (and Bocker's) interests. The trial court did not abuse its discretion in denying Bocker's motion to set aside the judgment based on the claim that his attorney had no notice of the trial date.[14]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED JANUARY 18, 2012.

*J. Robert Thompson*, for appellant.

---

subsequently returned); *Taylor v. Chester*, 207 Ga. App. 217, 218 (427 SE2d 582) (1993) (trial court erred by denying appellant's motion to set aside judgment based on a nonamendable defect appearing on the face of the record where record showed appellant was not given notice of the trial date; record showed court sent trial calendar to wrong address and calendar was later returned; appellant had previously informed court of the correct address; and trial court, through a review of the record, should have been cognizant of the returned calendar before proceeding with trial).

[12] *McLellan*, supra at 565-566 (2) (citation and punctuation omitted).

[13] Notably, the record shows that upon receiving Bocker's motion for reconsideration, the trial judge wrote Bocker's attorney a letter admonishing him for his "untruthfulness" in claiming to have received no notice that a hearing date had been set. The judge cited a December 10, 2010 letter that Bocker's attorney had sent to the court and opposing counsel in which the attorney stated that he "was able to obtain opposing counsel's consent to a continuance to January 26, 2011, at 9:00AM," and the fact that Bocker's attorney had prepared and presented the proposed consent order setting forth that trial date.

[14] See OCGA § 9-11-40 (c) (2); see generally *Redding v. Raines*, 239 Ga. 865 (2) (239 SE2d 32) (1977) (appellant received sufficient notice of trial pursuant to OCGA § 9-11-40 (c), formerly Code Ann. § 81A-140 (c), where appellee's attorney requested the case be placed on the next jury trial calendar and mailed a copy of the request to appellant, and appellant received a copy of the request); *Holbrook v. Halpern Enterprises*, 141 Ga. App. 648, 649 (234 SE2d 187) (1977) (even if party did not receive actual notice of the trial date, if there was compliance with requirements for giving notice, the provisions of Code Ann. § 81A-140 (c) were satisfied and trial court did not err in denying nonappearing party's motion for new trial based on lack of notice).

*White, Choate, Watkins & Mroczko, John T. Mroczko, Perrotta, Cahn & Prieto, Michael A. Prieto*, for appellees.