# Court of Appeals
# of the State of Georgia

ATLANTA,___July 12, 2013_____

*The Court of Appeals hereby passes the following order:*

## A13D0428. MARJORIE UNDERWOOD TALEVSKI v. COURTNEY RENEE YOUNG et al.

Following a jury trial, Marjorie Underwood Talevski won a judgment against Courtney Renee Young and others in this tort action. Tavelski contends that the judgment has not been fully satisfied. She initiated post-judgment discovery, which the defendants attempted to stop. The trial court entered various orders, including a protective order, an entry of satisfaction of judgment, and a "final order." From those orders, Talevski filed a notice of appeal as well as this application for discretionary appeal.

Although post-judgment discovery orders must be appealed by the interlocutory appeal procedure when they are non-final, see *Cornelius v. Finley*, 204 Ga. App. 299 (418 SE2d 815) (1992), the orders at issue here appear to be final within the meaning of OCGA § 5-6-34 (a) (1). Moreover, no provision of OCGA § 5-6-35 (a) appears to apply.[1] Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). In this case, however, Talevski has already filed a notice of appeal. Accordingly, this application is superfluous, and it is therefore DISMISSED.

---

[1] One of the orders that Talevski seeks to appeal, the denial of a motion to set aside, appears to fall within OCGA § 5-6-35 (a) (8). But that order is directly appealable here in conjunction with Talevski's appeal of the other final orders that are not subject to the discretionary appeal procedure. See OCGA § 5-6-34 (d); *Bocker v. Crisp*, 313 Ga. App. 585, 588 n. 9 (722 SE2d 186) (2012).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/12/2013
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*