### 368. WHITE *v.* CITY OF TIFTON.

1. A defendant who has paid a fine imposed by a police court, with the alternative of imprisonment, can not, after paying such fine, prosecute a writ of error to review the judgment, unless the fine was paid under protest and under duress.
2. Legal imprisonment, actual or threatened, not used for an illegal purpose, is not duress, although in the given case it may be inflicted or threatened under such circumstances as to be shocking to the instincts of humanity.
3. The law in relation to obtaining supersedeas in cases of conviction for violation of municipal ordinances is not sufficiently adequate to prevent gross injustice in many cases, and should, therefore, be amended.

Certiorari, from Tift superior court. Motion to dismiss.
Argued March 21,—Decided April 4, 1907.
*Fulwood & Murray,* for plaintiff in error. *C. C. Hall,* contra.

POWELL, J. The law as it is written compels us in this case to arrive at a conclusion that shocks our sense of justice; but judges have the power only to declare the law, not to make it or amend it. The plaintiff in error was convicted in the police court of Tifton for the violation of a city regulation in regard to the conducting of his business. He applied for certiorari and gave the bond prescribed by the act of December 10, 1902 (Georgia Laws of 1902, p. 105). On the tenth day after the conviction, the judge of the superior court returned the petition for certiorari, refusing his sanction, and thereafter the accused brought the case to this court, assigning error upon the judge's refusal to sanction the certiorari. Upon the call of the case here, the defendant in error moved to dismiss, and supported his motion by an affidavit showing that the judgment of the original trial court had been satisfied by payment of the fine imposed. Following the practice prevailing in the Supreme Court, we granted a rule requiring the plaintiff in error to answer whether the facts alleged in the motion to dismiss were truly stated or not. He answered under oath as follows: "First. That he has paid the fine imposed upon him by the mayor of the city of Tifton, to wit, the sum of $50, and the further sum of $1.25 for costs in the mayor's court. Second. That the said fine and cost was paid by the plaintiff in error under duress of imprisonment, the circumstances of said imprisonment and duress being as follows: Immediately upon his conviction and sentence in

the mayor's court, he served notice of his intention to certiorari said cause to the superior court of Tift county. The petition was duly prepared and forwarded to Hon. Robt. G. Mitchell, judge of said court, and the necessary bond filed. Said petition for certiorari, for some cause unknown to deponent, was not acted upon and returned by said judge of the superior court until the ten days had expired, and was then returned with the sanction refused. That said petition was returned on Sunday morning, and that the first notice deponent had of the refusal of the writ was when he was taken into custody by the marshal of said city on Monday morning following and notified that he must pay the fine or enter upon the alternative service of 30 days on the streets of the city at once. Deponent gave notice then and there of his intention to take said cause by writ of error to the Court of Appeals, and, notwithstanding the fact that he had already filed his certiorari bond, and then and there offered to enter into a new recognizance to appear and abide the final judgment of the court, deponent was held in custody and notified by the marshal that he would be put in the guard-house and be compelled to go to work on the streets unless he then and there paid the fine and cost. Defendant shows that it is 56 miles from Tifton to Thomasville, the residence of the judge of the superior court of Tift county, and would have required forty-eight hours to prepare his bill of exceptions and have same certified and secure a further supersedeas. That his wife had been confined the day before and that his little baby was then having convulsions and his wife in a very critical condition, and that deponent could not under such circumstances leave his home and remain in confinement pending the application for a further supersedeas. That his baby died in a very few days afterwards and was during all the time in such condition as required deponent's presence continuously. That after being taken into custody the mayor ordered the marshal not to allow deponent to even go to his counsel's office for consultation, and that while the marshal did of his own accord go with deponent to consult with his counsel, deponent was held in custody until he paid the fine and costs. Deponent says further that he was diligent and used every means provided by law known to him to get his case heard and determined by the courts without or before paying the fine or penalty imposed upon him therein, and that said fine was paid as aforesaid under

actual duress of imprisonment and under circumstances beyond his power to control. That he was illegally convicted and is entitled to have his fine and costs remitted to him. That at the time he paid the fine, his writ of error was actually in course of preparation, and he had declared his intention of carrying said case to the Court of Appeals, and paid said fine under every possible protest."

It is decided in *Brown* v. *Atlanta,* 123 *Ga.* 497, that "A person upon whom such an alternative sentence has been imposed, and who voluntarily complies with that portion of the sentence which is legal, can not thereafter have the judgment of conviction reviewed." The insertion of the word "voluntarily" into the language just quoted is indicative of the view that the writ of error might be prosecuted if the payment was made under protest and duress. It seems that this is also in harmony with the current of authority. In 22 Am. & Eng. Enc. Law, 618, it is said: "The authorities are unanimous to the effect that where one is compelled by duress of his person to pay an unjust or illegal demand, such payment is compulsory and may be recovered back. Thus, where a person, to secure his release from imprisonment under a void judgment imposing a fine in a criminal proceeding, pays the fine, he may recover back the money so paid;" and *Hudson* v. *Alford,* 118 *Ga.* 669, following *Richmond & Danville R. Co.* v. *Buice,* 88 *Ga.* 180, holds that "Full payment of the fi. fa. founded on a judgment sought to be reversed, pending a writ of error, it not appearing that any supersedeas was sued out, is no cause for dismissing the writ of error, inasmuch as the defendant below (the plaintiff in error here) would be entitled to recover the money back in case the judgment should be reversed." Taking these two principles together, it seems that the writ of error may be retained, where the fine has been paid under protest, to prevent imprisonment under a void sentence, or under other circumstances amounting to duress.

2. There is no contention that the judgment of the police court in the case at bar was void; it is merely alleged to be erroneous. The question therefore arises whether the payment was made under such circumstances of duress as to rob it of the quality of being voluntary in the legal sense of that word. "Legal imprisonment, if not used for illegal purposes, is not duress." Civil Code, §§ 3536, 3670; *Bailey* v. *Devine,* 123 *Ga.* 653; *Jones* v. *Peterson,* 117 *Ga.*

58 (2); *Patterson* v. *Gibson,* 81 *Ga.* 807; *Graham* v. *Marks,* 98 *Ga.* 67. By the terms of the act of 1902, the supersedeas of the judgment rendered in the police court, obtained by the filing of the statutory bond, expired at the end of the ten days; and, the certiorari not having been sanctioned, there was no other supersedeas preventing the immediate enforcement of the sentence. The municipal authorities, therefore, had the lawful right to insist that the punishment imposed should proceed at once. The threat that the unreversed and unsuspended judgment would be immediately enforced may have been, under the circumstances detailed above, extremely cruel; yet it was not a threat of illegal imprisonment, but of legal imprisonment. It does appear shocking that the defendant was put to the alternative either that he should waive his right of appeal, his right to have the law of the case really settled, by payment of the fine, or that he should be torn from the bosom of his family under such distressing circumstances. He deliberately chose between the two, chose as any husband and father ought to have chosen, but by so doing he lost the other right; and, reluctant as we are to do so, yet, under the law as it stands, we must dismiss the writ of error.

3. It would be hard to conceive of a case more clearly exemplifying the wisdom of extending the present statutes providing for the obtaining of supersedeas. Under the act of 1902 the supersedeas there provided for expires in ten days; if the certiorari is sanctioned, then the filing of it operates as a further stay of judgment; but if the judge refuses sanction, we know of no means by which the sentence can be suspended until the case can be heard in the appellate court. It can not be the deliberate intention of the lawmaking power to cut off thus the right of the citizen to challenge the legality of a conviction; and we call attention to the deficiency with the hope that steps may be taken to provide the necessary additional legislation. *Writ of error dismissed.*