### 1115.   KITCHENS *v.* THE STATE.

Where it appears that a plaintiff in error who has been convicted in a criminal case (and upon whom an alternative sentence, permitting the payment of a fine, has been imposed) has voluntarily complied with the sentence of the court, by payment of the fine, this court will not review the judgment of conviction.  The court will not consider the record in any case where it is shown that the parties have settled their controversy or that the judgment has been satisfied.  In such a case the writ of error will be dismissed.

Practice.    Motion to dismiss the writ of error.

Submitted May 5,—Decided June 18, 1908.

*R. L. Tipton,* for plaintiff in error.

*J. A. Comer, solicitor, Crum & Jones,* contra.

RUSSELL, J.    The plaintiff in error filed a bill of exceptions assigning error on the dismissal of his motion for new trial.    Counsel for the defendant in error moved to dismiss the exceptions, upon the ground that the plaintiff in error had voluntarily and without protest paid the fine imposed by the court as an alternative to the term which he had been sentenced to serve in the chain-gang upon the public works, and had also paid costs in the court below.    The ground of the motion to dismiss the writ is properly verified, and the fact that the sentence of the lower court has been complied with is undisputed.    As "courts do not settle moot questions or deal with fictitious litigation, nor proceed to judgment where it is shown that the parties have settled their controversy or that the

judgment has been satisfied," the writ of error will be dismissed. Upon this subject see *White* v. *Tifton,* 1 *Ga. App.* 569 (57 S. E. 1038), in which we held that "a defendant who has paid a fine imposed by a police court, with the alternative of imprisonment, can not, after paying such fine, prosecute a writ of error to review the judgment, unless the fine was paid under protest and under duress." See also *Brown* v. *Atlanta,* 123 *Ga.* 497 (51 S. E. 507). The rule is the same in criminal as in civil cases. It has uniformly been held in this State that the appellate court will not investigate and decide the abstract questions involved in a case where the substance of the controversy has been withdrawn. *Sutcliffe* v. *McSweeney,* 102 *Ga.* 897 (30 S. E. 268) ; *Henderson* v. *Hoppe,* 103 *Ga.* 684 (30 S. E. 653) ; *Atlanta & Fla. Ry. Co.* v. *Blanton,* 80 *Ga.* 563 (6 S. E. 584) ; *Thornton* v. *Manchester Investment Co.,* 97 *Ga.* 342 (22 S. E. 987) ; *Cranston* v. *Bank of the State of Ga.,* 97 *Ga.* 406 (23 S. E. 822) ; *Gallaher* v. *Schneider,* 110 *Ga.* 322 (35 S. E. 321) ; *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455) ; *Owens* v. *Read Phosphate Co.,* 115 *Ga.* 768 (42 S. E. 762) ; *Randolph* v. *Brunswick Ry. Co.,* 120 *Ga.* 969 (48 S. E. 396).

*Let the writ of error be dismissed.*