## 32670. REDDING v. RAINES.

UNDERCOFLER, Presiding Justice.

This appeal arises from the trial court's judgment that certain land is impressed with a trust in favor of appellee and that she is the true owner of the property. The facts show appellee gave a warranty deed to appellant but remained in possession. The trial judge found the deed was given to obtain a loan from a third party for the purpose of placing a residence on the property for appellee's use; that appellee was to repay the loan whereupon the property would be reconveyed to her; that the loan has been repaid. We affirm.

1. "A deed absolute in form may be shown by parol evidence to have been made in trust for the benefit of the grantor, where the maker remains in possession of the land." *Chandler v. Ga. Chemical Works,* 182 Ga. 419 (1) (185 SE 787) (1936). There is no transcript of the evidence and we must conclude the evidence supported the trial court's findings of fact which in turn support the judgment.

2. Appellant was not present at the trial. He contends he did not receive notice of the trial as required by Code Ann. § 81A-140 (c). We disagree. The parties appeared in court on January 27, 1977, at which time the case was continued. On January 28, 1977, appellee's attorney, "Pursuant to Judge Land's instructions, . . ." requested the case be placed on the next jury calendar. A copy of the request was mailed to and received by appellant. Appellant did not have an attorney. Appellee's attorney on March 18, 1977, "reminded" appellant by letter mailed in Columbus, Georgia, to his address in Atlanta, Georgia, that the case would be tried on March 22nd or 23rd. Appellant claims he did not receive the letter until March 23rd; that the letter was presumably posted after March 18th; that the address contained no zip code; and that it was not reasonably calculated to apprise appellant of the trial date. We do not reach the question of the adequacy of the March 18th letter. The January 28th letter was sufficient notice. Appellant was thereby notified that the case would be upon the next jury calendar which by law was set to begin the second Monday

of the following March. In our opinion this satisfied Code Ann. § 81A-140 (c). Notice of the exact day of trial is not required. See *Newman v. Greer,* 131 Ga. App. 128, 130 (205 SE2d 486) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED OCTOBER 20, 1977.

*J. Timothy Lawler,* for appellant.

*Eve B. Biskind, Alfred O. Bragg, III, John L. Cromartie, Jr.,* for appellee.