## 60716. STERLING MOTOR FREIGHT COMPANY, INC. v. WENDT et al.

DEEN, Chief Judge.

The only record extant in this case, other than pleadings and court orders, is certain affidavits relating to the grounds of the motion for new trial, following a specially set trial in which there was no appearance by the defendant. We are compelled to say, as Judge Powell did in *White v. City of Tifton,* 1 Ga. App. 569 (57 SE 1038) (1907): "The law as it is written compels us in this case to arrive at a conclusion that shocks our sense of justice; but judges have the power only to declare the law, not to make it or amend it." The defendant appellant, through its president and majority stockholder Sterling Davis, was indeed the author of its own misfortunes.

Sterling Motor Freight was named defendant in a six count petition filed by two former employees in March, 1979. Four counts sought damages for breach of contract because of an improper termination of their employment contract. One count additionally sought attorney fees under Code § 20-1404 for bad faith, and two counts sounded in tort and sought punitive damages because of certain alleged intentionally and maliciously wrongful acts of the defendant connected with the firing of the plaintiffs. At the trial, the defendant failing to appear, the court directed a verdict in favor of the plaintiffs in the sum of $4,082.64 for breach of contract, leaving the remaining counts to a jury which returned verdict against the defendant for the additional sums of $5,000 attorney fees and $25,000 punitive damages.

The motion for new trial, filed within the next ten days, brings out the following facts: Davis engaged a law firm who filed a timely answer to the complaint in April, 1979. The case drifted onto the court's inactive calendar. In early January, 1980, the defendant instructed his attorney to resign, and to notify the court, the plaintiff, and himself of the date of withdrawal so that he could, if he did not wish to continue the defense pro se, hire other counsel. The firm did in fact withdraw and during the last two weeks of January notified the court, opposing counsel, and (being unable to contact their client) sent notices by certified mail to two post box and two residence addresses of the defendant and Davis, which were all the addresses the firm had ever had. Davis, however, without bothering to inform any of these parties, had removed to Texas. Plaintiff's attorneys discovered this fact at about the same time and, on the basis that the defendant was removing himself and his effects from the state, applied for and obtained an order specially setting the case for trial on January 7, 1980. The case was in fact once continued and the trial,

with the results set forth above, was held on February 13. About ten days later the defendant, having eventually received actual notice of these events and employed other counsel, filed the motion for new trial.

1. The defendant contends he is entitled to a new trial because he was not present, and his absence resulted from the fact that he received neither actual nor constructive notice of the specially set trial date or of the fact that his original counsel had withdrawn from the case. It is clear, however, that he himself ordered the firm to withdraw and knew they were in the process of doing so, and it is also clear that that firm used every avenue open to it to notify its former client, who had left no forwarding address and had failed to alert his attorneys to the fact that he was departing the state. In *McNally v. Stonehenge, Inc.,* 242 Ga. 258 (248 SE2d 653) (1978) the court held that where the defendant's attorney withdrew from the case, even though voluntarily, and even though he was at the time aware that a trial date had been set and failed to notify his client, notice to the attorney was notice to the client and this lack of actual notice being the cause of a default judgment, no cause for a new trial appeared. In that instance, of course, the case was scheduled for trial in the official county legal newspaper; here we are not told whether or not the trial date was published, but under the circumstances this would make no difference. Nothing to the contrary is held in *Siano v. Spindel,* 136 Ga. App. 288 (220 SE2d 718) (1975) where a case removed from a trial calendar for the purpose of allowing time for a reply to counterclaims was reinstated on the calendar without notice until less than 24 hours prior to trial, and a motion for continuance to allow the appellant to subpoena witnesses was denied. "Failure to give proper notice of trial to an adversary is reversible error. Code § 81A-140 (c)." Id. p. 289. But where the litigant, who is aware that the case is pending and ready for trial and that he has himself discharged his attorneys, makes it impossible to be reached by moving out of the state and leaving no forwarding address, he cannot complain that the trial proceeded in his absence. Where the requirements for giving notice are followed the provisions of Code § 81A-140 (c) are complied with although the party himself has no actual notice. *Holbrook v. Halpern Enterprises, Inc.,* 141 Ga. App. 648 (234 SE2d 187) (1977). Since the defendant rendered it impossible for the court, the plaintiff, or his own counsel to contact him, any attempt at notification other than that made would obviously have been futile. Cf. *Newman v. Greer,* 131 Ga. App. 128 (205 SE2d 486) (1974). The trial court did not err in refusing to grant a new trial merely in order that the defendant might make his belated appearance.

2. In the absence of proof to the contrary, this court will

presume that the trial judge, as a public officer, discharged his duty in hearing and properly applying the evidence presented to him. *Irvin v. Woodliff,* 125 Ga. App. 214, 220 (186 SE2d 792) (1971); *Williams v. State,* 142 Ga. App. 764 (4) (236 SE2d 893) (1977). Where there is no transcript of the evidence, it must be assumed that the evidence supported the verdict. *Robinson v. Robinson,* 239 Ga. 323 (2) (236 SE2d 660) (1977).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED OCTOBER 1, 1980 — DECIDED NOVEMBER 20, 1980.

*D. W. Latimore, Jr.,* for appellant.
*Barry L. Zimmerman,* for appellees.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*