## 62694. SHELTON v. RODGERS.

CARLEY, Judge.
Appellant appeals from the denial of his motion under Code Ann. § 81A-160 (d) to set aside a judgment entered against him. The alleged "nonamendable defect" appearing on the face of the record is the lack of notice to him of the assignment of the case for trial as required by Code Ann. § 81A-140(c). *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603) (1972).

The facts, insofar as they are relevant to the instant appeal, are as follows: Appellant, alleged to be residing at a Marietta address, was personally served with appellee's complaint on September 10, 1975. Appellant's pro se answer was filed October 10, 1975. On April 13, 1977, the clerk of the court received a letter from appellant's counsel, requesting that his name be entered as attorney of record for appellant in the case. On October 13, 1977, the clerk received a letter from appellant's counsel, requesting that his name be withdrawn as attorney of record and that appellant be informed "of pending calendar dates at 2251 Stephen Long Drive, Atlanta, Georgia 30305." The face of this letter notifying the clerk of appellant's change of address indicates that a copy was to be sent to appellee's counsel. On December 1, 1977, the clerk received a letter from appellee's counsel, stipulating the case "to the next available jury trial calendar, which I understand is set for January 16, 1978." The face of this letter indicates that a copy was to be sent to appellant. In a letter postmarked December 21, 1977, the clerk sent appellant a copy of the civil jury calendar for the January 1978 term. The clerk mailed this trial calendar to appellant at his former Marietta address, not his

current Atlanta residence. The trial calendar was returned to the clerk of the court on December 29, 1977, marked, with reference to the addressee, "[m]oved, not forwardable." The clerk made no other effort to send appellant a copy of the trial calendar at the Atlanta address. The case came on for trial on January 16, 1978 and appellant made no appearance. Appellant's answer was stricken and appellee introduced evidence on the issue of damages. The jury returned a verdict in the amount of $20,600 and judgment was entered thereon. The instant appeal results from the denial of appellant's motion to set aside this judgment for lack of notice of trial assignment.

"A judgment or order based upon a trial or hearing entered against a party without notice to that party of the trial or hearing is subject to a motion to set aside where the lack of notice appears on the face of the record. [Cits.]" *Brown v. C & S Nat. Bank,* 245 Ga. 515, 518 (265 SE2d 791) (1980). In the instant case it affirmatively appears on "the face of the record" that appellant did *not* receive notice of the assignment of the case to the trial calendar from the clerk of the court. See *Brown,* 245 Ga. 515, supra. It further appears from the face of the record that appellant's failure to receive this notice was not due to his failure to alert the clerk of the change of address, the clerk having received notice that appellant's counsel was withdrawing and that future correspondence concerning trial dates should be sent directly to appellant at his new residence. Compare, *Sterling Motor Freight Co. v. Wendt,* 156 Ga. App. 516 (275 SE2d 101) (1980). Furthermore, because the clerk had received this information and it was of record in the case we cannot say that after the original notice had been returned as undeliverable "any attempt at notification [by the clerk] other than that made would obviously have been futile. [Cit.]" *Sterling Motor Freight Co.,* 156 Ga. App. at 517, supra. Apparently, a simple review of the record by the clerk would have revealed the erroneous address. Under these circumstances, to hold that this lack of notice to appellant is not a nonamendable defect appearing on the face of the record requiring that the judgment against him be set aside under Code Ann. § 81A-160 (d) would punish appellant for the oversight of the clerk.

Appellee urges however, and the trial court agreed, that it appears on the face of the record that appellant received notice under Code Ann. § 81A-140(c) of the assignment of the case for trial other than from the clerk's office. In this regard appellee relies upon the letter of his counsel to the clerk of the court stipulating the case for next jury trial calendar and the holding in *Redding v. Raines,* 239 Ga. 865 (239 SE2d 32) (1977) that Code Ann. § 81A-140(c) was satisfied when "[a] copy of the request was mailed to and received by appellant." Under the record in the instant case, appellee's argument

is unpersuasive and his reliance upon *Redding* is misplaced. In the instant case, unlike *Redding,* it does not appear from the face of the record that a copy of this letter from appellee's counsel to the clerk was "mailed to and received by appellant." Appellee asserts that it should be "presumed" that appellant received a copy of the letter and consequently had sufficient notice of the trial assignment because the face of this letter indicates that a copy was to be sent to appellant. However, "[b]efore any presumption arises that a letter has been received through the mails it must be shown that 'the letter (1) was written; (2) was properly addressed to the party; (3) contained the correct postage; and (4) was duly mailed in the United States Post Office.' [Cits.]" *Edmondson v. Air Service Co.,* 123 Ga. App. 263 (2) (180 SE2d 589) (1971). On the instant case, it does not appear that a correctly stamped envelope containing a copy of the letter to the clerk was in fact duly mailed to appellant at his proper address. Thus, no presumption that appellant received notice of the trial assignment through this letter arises from its appearance on the face of the record in the instant case. See generally *Rawleigh Medical Co. v. Burney,* 25 Ga. App. 20 (2) (102 SE 358) (1920). Compare *Lewis v. Phillips-Boyd Publishing Co.,* 18 Ga. App. 181 (3) (89 SE 177) (1916).

It follows from the fact that the face of the record in the instant case shows without contradiction there was a total lack of notice to appellant of the trial assignment of his case that the trial court erred in denying the motion to set aside the judgment. See *Brown,* 245 Ga. 515, supra.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 19, 1982.

*William T. Payne,* for appellant.
*Harry W. Bassler,* for appellee.