A92A2243. TAYLOR v. CHESTER et al.
(427 SE2d 582)

BLACKBURN, Judge.

Richard Taylor, the appellant, appeals from the denial of his motion under OCGA § 9-11-60 (d) to set aside a judgment entered against him. The alleged "nonamendable defect" appearing on the face of the record is the lack of notice to him of the assignment of the case for trial as required by OCGA § 9-11-40 (c).

The relevant and undisputed facts are as follows: The appellees, the Chesters, filed a complaint against the appellant to set aside a deed and for damages on September 19, 1990. The appellant received service of the complaint at an address shown on the Sheriff's Entry of Service Form as Route 1, Box 1491, Talmo, Georgia. The appellant hired an attorney, and the attorney filed an answer and counterclaim on the appellant's behalf. The attorney subsequently filed a Notice of Intent to Withdraw from Representation with the court on July 1, 1991, indicating that "[s]ervice of notices may be made upon Richard Taylor at his last known address of Suite 386, 3192 Atlanta Highway, Athens, Georgia 30606." On July 9, 1991, appellant's attorney filed a Request to Withdraw as attorney of record, again specifying that the appellant's "last known address . . . is Suite 386, 3192 Atlanta Highway, Athens, Georgia 30606." In a letter of July 22, 1991, addressed to the judge concerning the scheduled pre-trial conference, the appellant's attorney included the appellant's address on Atlanta Highway and copied the appellant in order to notify him of the pre-trial conference that had been scheduled for August 9, 1991. The appellant did receive the July 22, 1991 letter and attended the pre-trial conference unrepresented. The appellant also appeared at the September 1991 term of the Jackson County Superior Court and obtained a continuance for the purpose of retaining new counsel.

The Superior Court's pre-trial calendar for the "March 2nd Term, 1992" was mailed to the appellant on January 24, 1992, at Route 1, Box 1491, Talmo, Georgia 30575. On February 10, 1991, the appellant called the court and informed the court that he was in Kansas City, but would like the case placed on the trial calendar. However, the record does not show that the defendant was informed of the March 2, 1992 calendar at that time. He was informed that he

would receive a trial calendar in the mail notifying him of the trial date. The case was placed on the trial calendar for the March 2, 1992 term and the calendar was mailed to the appellant on February 13, 1992, but was not mailed to the proper address contained in the court records. The record indicates that the calendar sent to the appellant was returned on February 18, 1992. The appellant, at that time, was pro se. The appellant never received the trial calendar and the clerk took no action to resend the calendar and it was placed in the record which the court had at the time the case was called.

No further attempt was made by the court to notify the appellant of the trial date or to supply him with a calendar. On March 9, 1992, the appellant contacted the judge's secretary to find out when the case would be tried and was told that the case had been tried the previous week before a jury. The jury returned a verdict against the defendant for approximately $60,000 in actual damages and $40,000 in punitive damages. On April 22, 1992, the appellant filed a motion to set aside the judgment under the provision of OCGA § 9-11-60 (d) and the motion was subsequently denied by the trial court on June 8, 1992. We granted the appellant's application for discretionary appeal.

In his sole enumeration of error, the appellant asserts that the trial judge erred by refusing to grant his motion to set aside the judgment entered against him on the grounds that appellant did not have notice of the trial. We agree.

As this court has stated in *Shelton v. Rodgers*, 160 Ga. App. 910 (288 SE2d 619) (1982), " '[a] judgment or order based upon a trial or hearing entered against a party without notice to that party of the trial or hearing is subject to a motion to set aside where the lack of notice appears on the face of the record. (Cits.)' [Cit.]" Id. at 911. In this case, as in *Shelton*, the record shows that the trial calendar was sent to an incorrect address and was subsequently returned. It further appears that the failure of the appellant to receive notice of the assignment of the case as required by OCGA § 9-11-40 (c) was not due to his failure to inform the court of his correct address. In fact, the appellant's former attorney informed the court of the appellant's last known address on July 1, 1991, in his Notice of the Intent to Withdraw From Representation, on July 9, 1991, in the actual Request to Withdraw, and on July 22, 1991, in a letter concerning the pre-trial conference. A simple review of the record by the clerk would have revealed the change in the appellant's address. The clerk had a duty to notify the appellant of the assignment of his case to the calendar and notify the court that the trial calendar that had been forwarded to the appellant had been returned. In addition, the judge, through a review of the record, should have been cognizant of the returned calendar when he proceeded with trial. "Under these circumstances, to hold that this lack of notice to appellant is not a nonamendable de-

fect appearing on the face of the record requiring that the judgment against him be set aside under [OCGA § 9-11-60 (d)] would punish appellant for the oversight of the clerk." *Shelton v. Rodgers*, 160 Ga. App. at 911.

Although the trial court relied on *Redding v. Raines*, 239 Ga. 865 (239 SE2d 32) (1977), in denying the appellant's motion, we find that *Redding* is factually distinguishable. In *Redding*, the movant did receive notice of the assignment of his case to a trial calendar by letter from his former counsel, in which counsel requested that the case be placed on the next jury calendar. The *Redding* court found that the letter, that was admittedly received by the appellant, was sufficient notice since the letter indicated that the case would be placed upon the next jury calendar, which by law was set to begin the second Monday of the following March. However, in the present case, the record shows that the appellant did not receive notice that his case was assigned to a trial calendar, and was specifically told by court personnel that he would receive a trial calendar notifying him of his trial date. Therefore *Shelton* is controlling.

As the record in this case shows that there was a total lack of notice to the appellant of the assignment of his case to a trial calendar, we find that the trial court erred in denying the motion to set aside the judgment.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1993.

*Kardos, Warnes & McElwee, James C. Warnes II*, for appellant. *John T. Brown*, for appellees.

