A95A2862. POTTER et al. v. WAL COMPUTERS, INC. et al.
(469 SE2d 691)

BLACKBURN, Judge.

This complex litigation involves the sale of a computer business, Wal Computers, Inc.[1] (Wal). The buyers, James H. Potter and his corporations, Management Matters, Inc. and Beverage Management Solutions, Inc. (referred to collectively as the Potter defendants), appeal the trial court's orders denying their motions to set aside the judgment and for new trial. The Potter defendants' motions were based primarily on violations of the Uniform Superior Court Rules (USCR) concerning the withdrawal of their attorney and the scheduling of their trial.

Walter Lee, working for Wal, created and marketed a software program to manage sales, inventory, and other financial matters in the retail liquor industry. Due to financial pressures, Lee sought investors and, ultimately, entered into negotiations with Potter to sell Wal. The negotiations culminated in several separate contracts, including an asset purchase agreement, an escrow agreement, and an employment contract with Lee. Within a short time after the sale, the parties' relationship deteriorated and this litigation ensued.

On June 3, 1994, Potter's counsel, G. William Long III, sent Potter a notice of his withdrawal as counsel. Long also notified Potter and his corporations of their obligation to apprise the court of the location where they could be served and to prepare for trial or hire

---

[1] Wal Computers was formerly known as Computer Source, Inc.

other counsel. Potter objected to Long's withdrawal and throughout the summer and fall of 1994, Potter and Jeff Muir, an attorney who represented Potter in other matters, negotiated with Long concerning his desire to withdraw.

These negotiations were not successful and, on September 27, 1994, Long formally filed a motion to withdraw. His cover letter to the court stated that the case currently appeared on the October 17 trial calendar and that because he was withdrawing, he understood it would be placed on the December calendar. Long's letter indicated that the Potter defendants were sent copies of the correspondence as was Muir.

On September 28, 1994, the trial court entered an order allowing Long to withdraw as counsel and the case was then continued until the December calendar. Potter claims he never received notice that Long's request to withdraw was granted. It is undisputed that Potter never received a copy of the December trial calendar, but he admitted to knowing that his case had been moved from the October calendar until December. On Friday December 9, Potter sent a facsimile to the trial court requesting a continuance due to his inability to secure representation in time for trial scheduled to begin on the following Monday, December 12.

On December 12, before the trial was scheduled to begin and on December 13, after the trial had commenced, the trial court heard argument on Potter's request for a continuance to obtain counsel. The court denied the request, observing that despite the fact that Potter received notice of Long's intent to withdraw in June, Potter first requested a continuance only days before trial. Upon hearing evidence, the court granted a directed verdict to Robert Lee, Walter Lee's father, who had been made a party to a cross-claim filed by Potter and his affiliated corporations. The jury then returned verdicts in favor of Walter Lee and Wal, awarding them collectively over $740,000.

The Potter defendants moved for a new trial asserting that the trial court acted improperly in permitting the withdrawal of Long as counsel and not continuing the trial. The trial court denied the motion, and the Potter defendants then moved to set aside the judgment on the grounds that the trial court violated various provisions of the USCR. The court summarily denied the motion.

1. We reject the Potter defendants' preliminary contention that any violation of the USCR constitutes reversible error. Under certain circumstances, including the facts of this case, substantial compliance with the USCR is acceptable. See *Robinson v. Robinson*, 256 Ga. 188 (345 SE2d 597) (1986). The contrary authority relied upon by the appellees, *Barrett v. Wharton*, 196 Ga. App. 688 (396 SE2d 603) (1990), is inapposite as it turned upon the due process concerns inherent in treating a motion to dismiss as a motion for summary judgment with-

out providing the parties with proper notice. Such constitutional issues are not here involved.

2. The Potter defendants argue that the trial court erred in permitting Long to withdraw because the notice of withdrawal failed to comply with the terms of USCR 4.3 in a number of different respects.

First, the Potter defendants assert that the notice was deficient because it failed to state that they had a right to object to the withdrawal. USCR 4.3 (H) requires withdrawing attorneys to notify their clients that unless requested withdrawal is being made with the client's consent, the client has a "right to object within 10 days" of the withdrawal. The notice at issue was deficient because it did not inform the clients of their right to object within ten days. However, we find that Long substantially complied with USCR 4.3 and that the error was harmless. The Potter defendants have offered no objection to Long's withdrawal that would have warranted a different decision by the trial court. OCGA § 9-11-61. Moreover, Muir, an attorney who represented the Potter defendants in other matters, attested that throughout the summer and fall of 1994 he negotiated on numerous occasions with Long about the fee dispute underlying Long's desire to withdraw. In light of the length and nature of the fee dispute, the Potter defendants cannot claim that they were surprised by Long's withdrawal. Finally, parties with a case in court have a duty to look after their own interests. *Dunn v. Duke*, 216 Ga. App. 829, 832 (456 SE2d 65) (1995). Despite the failure to comply with the USCR in connection with Long's withdrawal, the Potter defendants failed to exercise due diligence in keeping apprised of the progress of their case once they knew Long's request to withdraw had been filed.

Second, the Potter defendants argue that the trial court erred in denying their motion to set aside the judgment because the notification certificate failed to state their telephone numbers as required by USCR 4.3. This enumeration is meritless as the Potter defendants failed to show any injury caused by this deficiency. *Ideal Pool Corp. v. Champion*, 157 Ga. App. 380, 385 (6) (277 SE2d 753) (1981).

Third, the Potter defendants argue that the denial of their motion to set aside was error because they received no notice that Long's request to withdraw had been granted. USCR 4.3 provides that "[a]fter the entry of an order permitting withdrawal, the client shall be notified by the withdrawing attorney of the effective date of the withdrawal." Previously, we have held that clients who did not receive notice from their attorney that his request to withdraw had been granted by the trial court, must look to the withdrawing attorney for redress. *Dunn v. Duke*, supra at 831. Moreover, assuming arguendo that the Potter defendants did not receive notice of Long's withdrawal, " 'in order for a defendant to obtain a new trial because of his absence or the absence of his counsel at the trial, it must be

shown that the party was without fault.' " Id. The Potter defendants have not made that showing.

Finally, with respect to USCR 4.3, the Potter defendants argue that Long's withdrawal was manifestly unfair and prejudicial. Rule 4.3 provides that a request to withdraw will be granted "unless in the judge's discretion, to do so would . . . be manifestly unfair to the client." The Potter defendants received ample notice of Long's intent to withdraw and were provided sufficient time to secure the services of another lawyer. Consequently, we find the trial court acted within its discretion by determining that the withdrawal was not unfair and would not cause the Potter defendants undue prejudice. See *Everman v. State*, 203 Ga. App. 350, 351 (2) (416 SE2d 861) (1992).

3. The Potter defendants argue that the trial court erred in denying their motion to set aside the judgment because they never received a copy of the trial calendar for the session when their case was tried in violation of USCR 8.3. Rule 8.3 requires that clerks of court distribute trial calendars "not less than 20 days . . . prior to the session of court at which the actions listed thereon are to be tried." However, a new trial is not warranted by the failure to receive a calendar when parties have actual notice of an upcoming trial and are prejudiced only by their own lack of due diligence. See *Abercrombie v. Miller*, 191 Ga. App. 858, 859 (383 SE2d 358) (1989); see also *Glennco, Inc. v. Silver Shoes, Inc.*, 164 Ga. App. 30, 31 (295 SE2d 357) (1982); cf. *Taylor v. Chester*, 207 Ga. App. 217, 219 (427 SE2d 582) (1993) (no actual notice); *Ga. Hwy. Express v. Whaley*, 166 Ga. App. 662 (305 SE2d 411) (1983) (no evidence of actual notice).

The record shows that in September 1994 the Potter defendants had actual notice that their case was on the December trial calendar. Exact notice of the specific trial date is not required. *Redding v. Raines*, 239 Ga. 865, 866 (239 SE2d 32) (1977). The Potter defendants received further notice of their appearance on the December trial calendar on November 21, 1994, when counsel representing their opponents sent notice of his withdrawal. In light of the Potter defendants' actual notice that their case was scheduled to be heard in December, the trial court committed no error in refusing to continue the trial due to the clerk's failure to comply with USCR 8.3.

4. The Potter defendants argue that the trial court abused its discretion in denying their motion for continuance to obtain counsel and secure the attendance of material witnesses. The record reflects that Potter may have discussed this matter with opposing counsel; however, he never requested a continuance from the trial court so that he could secure the attendance of missing witnesses. Issues not raised before and decided upon by the trial court cannot be raised on appeal. *Tyler v. Bennett*, 215 Ga. App. 87, 88 (449 SE2d 666) (1994).

5. The Potter defendants argue that the trial court erred in

granting a directed verdict for Robert Lee. The fraud cross-claim filed by Beverage Management Solutions, Inc. against Robert Lee asserted that he made various misrepresentations that induced the sale. In particular, Beverage Management Solutions, Inc. claimed that, as part of the purchase price for Wal, it agreed to satisfy a debt that Wal supposedly owed Robert Lee when in fact no such debt existed or said debt was much smaller than Robert Lee had represented.

"A directed verdict is authorized only when 'there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' OCGA § 9-11-50 (a)." *Carden v. Burckhalter*, 214 Ga. App. 487, 488 (448 SE2d 251) (1994). Robert Lee testified that Wal owed him the amount outlined in the purchase agreements and that he played no role in the sales negotiations or in the due diligence investigation performed by the purchasers prior to the sale. The contrary assertions of the Potter defendants are not supported in the record.[2] The trial court did not err in granting a directed verdict to Robert Lee.

6. The Potter defendants argue that the trial court erred in denying their motion for a new trial in that the jury's verdicts were strongly against the weight of the evidence. However, after the jury returns a verdict and the trial judge approves it, " 'the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence.' " *Bldg. Materials Wholesale v. Reeves*, 209 Ga. App. 361, 364 (2) (433 SE2d 346) (1993). A review of the lengthy record, replete with a seven-volume trial transcript, reflects that the jury's verdicts are supported by evidence and this enumeration of error is thus without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 9, 1996 —
RECONSIDERATION DENIED MARCH 5, 1996 —

*Ruffin & Dell, Charles L. Ruffin, J. V. Dell, Jr.*, for appellants. *Chambless, Higdon & Carson, Marc T. Treadwell, Christopher*

---

[2] The Potter defendants argue that evidence was introduced that a promissory note Wal had signed in the fall of 1991 was "intentionally and maliciously backdated to June 1, 1989" so as to inflate the sums Wal owed Robert Lee. However, the Potter defendants have provided no reference as to where this backdated note may be located in the lengthy record, replete with a seven-volume trial transcript. " 'It is not the function of this court to cull the record on behalf of a party in search of instances of error.' " *Asbury v. Ga. World Congress Center*, 212 Ga. App. 628, 632 (442 SE2d 822) (1994).

*D. Balch, Sell & Melton, Jeffrey B. Hanson,* for appellees.

