## A01A1215. PRESCOTT v. BUILDERS TRANSPORT, INC.

(554 SE2d 241)

MILLER, Judge.

The question on appeal is whether the trial court abused its discretion in granting a new trial where the court found that the defendant did not receive notice of the first trial. We hold that evidence supported the court's finding that notice was lacking and therefore affirm.

Builders Transport, Inc. (BTI) operated a truck that injured Donna Prescott. Prescott sued BTI and its excess insurance carrier, Reliance National Indemnity Company. While the case was pending, BTI filed for Chapter 11 bankruptcy, which stayed the action until the bankruptcy court granted relief from the stay. On Thursday, October 28, 1999, BTI's counsel moved to withdraw because he was not being paid. The next day Prescott mailed a letter to that counsel and to the court requesting that the case be placed on the January 5, 2000 trial calendar. On Monday, November 1, the court signed an order allowing the withdrawal.

BTI's counsel did not notify BTI of the calendaring request. The court later scheduled a pre-trial conference for January 5, but sent the scheduling notice to BTI's now-withdrawn counsel rather than to BTI directly, which was unrepresented. BTI's counsel did not forward the notice to BTI. Prescott forwarded this notice to Reliance's counsel, even though Prescott had already dismissed Reliance from the case, but not to BTI. Unaware of the conference, BTI did not appear and therefore did not receive the oral notice given at the conference that trial was scheduled for January 20 at 9:00 a.m.

Two days before trial, Prescott faxed a notice of the trial date to BTI's former counsel, who did not forward the notice to BTI until the day of trial at 2:03 p.m. Until that point, BTI was unaware of the trial date. The trial took place at 9:00 a.m. in BTI's absence and resulted in a verdict of $3,000,000 against BTI. BTI moved for a new trial and to set aside the judgment on the ground that it had not received notice of the trial. BTI announced its desire to defend the case based on its contributory negligence and minimal damages defenses as set forth in the consolidated pre-trial order.

The court found that its clerk had mistakenly sent notice of the pre-trial conference to BTI's withdrawn counsel rather than to BTI directly. Even though Prescott's request for a trial date of January 5 may have reached BTI's counsel just before his withdrawal request was granted, the court noted that historically it did not grant every trial-setting request and that BTI was entitled to receive notice of the actual setting of the January 5 pre-trial conference from the court, which BTI had not received. Accordingly, the court exercised its discretion to grant a new trial, which trial resulted in a much smaller

verdict of $23,756.40 for Prescott. Prescott appeals, arguing that the court erred in granting the new trial.

1. The grant of a new trial "will not be disturbed if there is any evidence to authorize it."[1] OCGA § 5-5-25 provides that "[i]n all motions for a new trial on other grounds, not provided for in this Code, the presiding judge must exercise a sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts." Interpreting this Code section, we have held that "the non-appearance of a party or his counsel for good cause may be raised in a motion for new trial and the grant of such a motion will not be controlled unless manifestly abused."[2]

OCGA § 9-11-40 (c) (2) provides that a court may place a case on the trial calendar "[u]pon request of a party *and notice* to the other parties."[3] Interpreting this Code section, the Supreme Court of Georgia in *Randall v. Randall*[4] recently held that receiving notice that another party was *requesting* a December 13 trial date was insufficient. "Under this statute, the trial court was required to notify [the defendant] that it was granting [plaintiff's] request and placing the hearing on its calendar for December 13. Failure to provide such notice is reversible error."[5] Thus, "[i]n the absence of any notice to [defendant] that the trial court intended to hear the matter on December 13, . . . a judgment rendered as a result of a hearing on that day cannot stand."[6]

Here the evidence showed that at most BTI received notice that Prescott was *requesting* a January 5 trial date. Testimony showed and the court found that the notice of the actual setting of January 5 as a pre-trial conference date was not sent to BTI but to BTI's former counsel, whom the court had allowed to withdraw and who did not forward the notice to BTI. Notice to withdrawn counsel is ineffective.[7] The only notice of the trial date was given at the conference, from which BTI was absent.

Curiously, two days before trial Prescott sent a trial notice to the former counsel, even though Prescott acknowledged in the notice that she recognized this counsel had withdrawn and even though

---

[1] (Citation and punctuation omitted.) *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 858 (3) (501 SE2d 30) (1998).

[2] (Citations omitted.) *Vaughan v. Car Tapes*, 135 Ga. App. 178, 180 (4) (217 SE2d 436) (1975).

[3] (Emphasis supplied.)

[4] 274 Ga. 107 (549 SE2d 384) (2001).

[5] (Citations and punctuation omitted.) Id. at 109. Cf. *Redding v. Raines*, 239 Ga. 865 (2) (239 SE2d 32) (1977) (calendar request was sufficient notice where it was merely a formalization of court's announcement of trial date); compare *Potter v. Wal Computers*, 220 Ga. App. 437, 440 (3) (469 SE2d 691) (1996) (party had actual notice of trial).

[6] Id., citing *Taylor v. Chester*, 207 Ga. App. 217, 219 (427 SE2d 582) (1993).

[7] *Ga. Hwy. Express v. Whaley*, 166 Ga. App. 662 (305 SE2d 411) (1983).

BTI's address was a matter of record. As this notice was not forwarded to BTI until five hours after the short trial had begun, the trial court was authorized to disregard it.

Prescott argues that notice to Reliance of the pre-trial conference constituted notice to BTI. Although Reliance as BTI's insurance company may have shared common interests with BTI, it bore no obligation as a former co-defendant to notify BTI of the pre-trial conference. Prescott's citation to *Wilkinson v. Vigilant Ins. Co.*[8] is unavailing, for *Wilkinson* pertains only to uninsured motorist cases. Once again, it is curious that Prescott would notify Reliance (a former defendant) of the pre-trial conference but not BTI, even though BTI's address was a matter of record and even though Prescott's counsel expressly discussed BTI's unrepresented status with Reliance's counsel.

We hold that evidence authorized the court's finding that BTI received no notice of the pre-trial conference or of the trial.

2. Prescott next argues that in addition to showing no notice, BTI was obligated to make two other showings to be entitled to a new trial: (1) BTI had meritorious defenses, and (2) BTI was without fault regarding the lack of notice.[9] The court's findings as to whether these two showings were made are subject to an abuse of discretion standard.[10]

Here evidence showed that BTI set forth its contributory negligence and minimal damages defenses at the time it moved for a new trial. BTI further showed that it had no reason to believe that the request for a trial setting had been granted or that a pre-trial conference was scheduled. We hold that the court did not abuse its discretion in concluding that the requisite showings were made.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 17, 2001 — 

*Smith, Wallis & Scott, Kenneth A. Smith, James W. Wallis, Jr., Christopher B. Scott, Doffermyre, Shields, Canfield, Knowles & Devine, Robert E. Shields, Samuel W. Wethern,* for appellant.

*Page, Scrantom, Sprouse, Tucker & Ford, James C. Clark, Jr., James A. Balli,* for appellee.

---

[8] 236 Ga. 456 (1) (224 SE2d 167) (1976).

[9] See *Newman v. Greer*, 131 Ga. App. 128, 132 (205 SE2d 486) (1974).

[10] See *Vaughan*, supra, 135 Ga. App. at 180-181 (4); *Newman*, supra, 131 Ga. App. at 132.