### A08A0493. MOORE v. DAVIDSON et al.
(663 SE2d 766)

BARNES, Chief Judge.

Christopher L. Moore d/b/a Triad Construction Company appeals from the denial of his motion to set aside the default judgment on a breach of contract action arising from the construction of the residence of Jerry and Debra Davidson. Upon our review, we reverse.

The Davidsons sued Moore seeking damages for breach of contract, breach of warranty, and negligent construction of their residence. Moore timely answered. The complaint was amended twice, with the second amended complaint, filed in February 2006, seeking increased damages based on a revised estimate of the cost of repairs.

In September 2006, Moore's attorney filed a Petition to Withdraw as Counsel due to his appointment as chief magistrate judge of Houston County and the closing of his law practice. The attorney also served notice to Moore and his business entity, Triad Construction, of his intent to withdraw as counsel of record. The address for Moore as it appeared on the notice and the "Notification Certificate" that accompanied counsel's petition to withdraw was "115 Timberland Avenue, Warner Robins, Ga. 31088." The complaint reflects an old address for Moore — "95 Hamilton Woods Drive, Warner Robins, GA 31093," as does the return of service, although Moore testified that he was not served there, but rather the deputy sheriff found him at his Timberland Avenue home, where he has lived since July 2003.

On October 17, 2006, the trial court granted permission for counsel to withdraw. The court's order directed that

> the clerk of this Court shall serve all notices or other papers upon CHRISTOPHER L. MOORE d/b/a TRIAD CONSTRUCTION COMPANY *by mail at his last known address as shown in the Notice to Client of Intention to Withdraw as Counsel of Record and Notification Certificate* on file in said case. . . .

(Emphasis supplied.) The Timberland Avenue address was the only

one that appeared on the notification certificate.

On November 27, 2006, Moore retained new counsel, who did not file an entry of appearance in accordance with Uniform State Court Rule 4.2. On January 8, 2007, the trial court sent Moore a letter, presumably notice of the January 22 trial date, to the former, incorrect address on the complaint, not to the current, correct address in the order granting the former attorney permission to withdraw. The letter was returned as undeliverable. When Moore did not appear for trial on January 22, 2007, the court scheduled a nonjury trial for January 24, after which it ordered Moore's answer stricken and found him liable for breach of contract and negligent construction. The trial court also awarded the Davidsons $89,424 in damages for breach of contract and negligent construction, $2,953 in attorney fees, and $25,000 in punitive damages.

Within the same term of court, Moore filed a motion to set aside under OCGA § 9-11-60 (d) alleging that a nonamendable defect appeared on the face of the record because he did not receive notice of the trial date as required by OCGA § 9-11-40 (c). Following a hearing on the motion, the trial court granted the motion to set aside only in part, letting stand the default judgment on Moore's liability but setting aside the portion of the judgment on damages. In a letter to both counsel, the trial court noted that after reviewing the file,

> [j]udgment for liquidated damages in the above captioned case should be set aside based on the clerical error resulting in the Defendant's failure to get notice to contest the damages in this case when it was rescheduled from a Jury Trial to a Non-Jury Trial. However, the Default will stand based on the Defendant's conduct.

The trial court placed the case on the September civil trial calendar "only for the determination of the amount of unliquidated damages against the Defendant." The court subsequently certified its order for immediate review, and this court granted Moore's application for an interlocutory appeal.

Moore contends that the trial court erred by entering judgment against him without affording him notice of the hearing and an opportunity to be heard. We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion. *Johnson v. Mayor &c. of Carrollton*, 249 Ga. 173 (288 SE2d 565) (1982). Under Georgia law, "a judgment or order based upon a trial or hearing entered against a party without notice to that party of the trial or hearing is subject to a motion to set aside where the lack of notice appears on the face of the record." *Taylor v. Chester*, 207 Ga. App. 217, 218 (427 SE2d 582) (1993), citing *Shelton*

*v. Rodgers*, 160 Ga. App. 910, 911 (288 SE2d 619) (1982). In *Taylor*, as in this case, the appellant did not fail to notify the court of his correct address, because his former attorney informed the court of appellant's proper address in his Notice of Intent and Motion to Withdraw. As this court noted,

> [t]he clerk had a duty to notify [Taylor] of the assignment of his case to the calendar and notify the court that the trial calendar that had been forwarded to [Taylor] had been returned. In addition, the judge, through a review of the record, should have been cognizant of the returned calendar when he proceeded with trial.

*Taylor*, 207 Ga. App. at 218. We further reasoned that it would be unfair to punish Taylor for the oversight of the clerk. See also *Coker v. Coker*, 251 Ga. 542, 543 (307 SE2d 921) (1983) (lack of notice of hearing may constitute a nonamendable defect appearing on the record authorizing setting aside the judgment).

Similarly, in this case the face of the record shows that notice of the trial date was sent to the wrong address and was subsequently returned. When Moore's attorney withdrew, he informed the court of Moore's proper address and the court directed the clerk to use that address. As in *Taylor*, "[a] simple review of the record . . . would have revealed the change in [Moore's] address." *Taylor*, supra, 207 Ga. App. at 218. The Davidsons attempt to distinguish *Taylor* because when Moore's counsel withdrew, he directed Moore to keep himself abreast of matters. They also point out that Moore's replacement counsel failed to file a timely entry of appearance. Those distinctions do not outweigh the fact that notice of the trial date was not sent to Moore's correct address, and the record is unclear as to whether the trial court knew before proceeding with the trial that the notice had been returned.

In *Wright v. Wright*, 270 Ga. 229 (509 SE2d 902) (1998), appellant initially had an attorney but the attorney withdrew and appellant proceeded pro se. Id. at 230. The matter was set for jury trial, but due to a clerical error, the appellant was not given notice of the trial date, although he received a subpoena for the production of documents directing him to appear at the courthouse three days later to provide documents "for use as evidence by the Plaintiff." Id. The subpoena did not indicate that the matter was set for trial. The appellant did not appear and the trial court struck his answer and jury demand, conducted a hearing, and entered a final judgment and decree of divorce deciding issues such as child custody and support. Id. In reversing the trial court's denial of appellant's motion to set aside, the Supreme Court found that appellant was not provided with

adequate notice of the trial date. "There is no evidence of actual knowledge of the trial date, only the month. Such knowledge did not provide [appellant] with adequate notice of the trial date." Id. at 231. Here, the record also contains no evidence that Moore had actual notice of the trial date.

The Davidsons' reliance upon *Potter v. Wal Computers*, 220 Ga. App. 437 (469 SE2d 691) (1996) is misplaced. In *Potter*, unlike here, the defendants had actual notice that their case was due to be tried on December 12, and faxed the court a request for a continuance three days before trial. Id. at 440 (3). The Davidsons also argue that Moore did not exercise due diligence in looking after his own interests and keeping apprised of the case's progress. This argument overlooks the fact that Moore was represented by counsel except for a short period. Even had the case been set for trial between October 17 and November 27, when Moore was unrepresented, he still would not have received notice of the trial date because it was sent to the wrong address.

"Mailing a legal notice to the wrong address provides no notice and may violate due process." *Mitsubishi Motors Credit of America v. Robinson & Stephens, Inc.*, 263 Ga. App. 168, 171 (587 SE2d 146) (2003). Here, the record reflects that the only correspondence the trial court sent to Moore regarding his trial date was to the wrong address. No evidence establishes that Moore had actual notice of the trial date, and thus, the court abused its discretion in denying the motion to set aside the judgment.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 18, 2008.

*Stephen N. Hollomon*, for appellant.
*Phillips & Phillips, Pamela L. Coleman*, for appellee.