**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**December 12, 2012**

# In the Court of Appeals of Georgia

A12A1748. KEOGH v. BRYSON.

ELLINGTON, Chief Judge.

Dulsie Bryson, as administratrix of the estate of Richard Gingrich, sued Declan F. Keogh to set aside an allegedly fraudulent conveyance. The Superior Court of DeKalb County granted Bryson's motion for summary judgment, and Keogh appeals this ruling. For reasons that follow, we reverse.

Before addressing the merits of the summary judgment action, we must address procedural issues, which preceded the trial court's summary judgment order. The record shows that Bryson filed suit in March 2007, and Keogh filed a timely answer. Keogh's first attorney withdrew from the case in December 2007, and shortly thereafter James Penland filed an entry of appearance. Discovery was reopened in June 2009 with Penland as counsel of record.

On December 31, 2009, the trial court apparently accepted and considered "confidential correspondence," which it placed under seal.[1] This correspondence is not in the appellate record. On June 22, 2010, the trial court entered an order striking Keogh's defensive pleadings for failing to appear at a March 2009 peremptory calendar and failing to appear for trial on June 11, 2010. Although the order was prepared by Bryson's attorney, it was not accompanied by any motion, and there is nothing in the record to show that the document was served on Penland.

In March 2011, Bryson filed a motion for default judgment. The motion was also not served on Penland.[2] According to Bryson, default judgment was authorized because the court had struck Keogh's answer. The trial court granted the motion and entered default judgment on March 23, 2011.

Shortly thereafter, Penland filed a motion to set aside the default judgment under OCGA § 9-11-60 (d), alleging that he had received no notice of any trial

[1] In a pending proceeding, judges are strictly limited in their ability to consider ex parte communications. See Code of Judicial Conduct Canon 3 (B) (7); USCR Rule 4.1.

[2] Although the motion has what appears to be a certificate of service, a close reading of the certificate discloses only that the original complaint was served in 2007.

calendars. In support of this allegation, Penland attached a copy of the legal notices from the local newspaper, which erroneously identified Keogh as a pro se litigant.

While the motion to set aside remained pending, Bryson filed a motion for summary judgment. According to Bryson, who is Gingrich's daughter, Keogh purchased property from her father in 2003. In connection with the purchase, Keogh executed a promissory note for the loan amount. Keogh also executed a security deed to secure the note, and the deed was recorded. After making only eight payments, Keogh obtained a document stating that the note had been satisfied and cancelling the security deed. Bryson contended that Gingrich's signature on the document had been forged. In support of this contention, Bryson attached affidavits from herself, her sister, and Gingrich's care giver who testified that Gingrich had crippling arthritis, which prevented him from signing legibly. All three opined that the signature on the document was not Gingrich's.[3]

The trial court granted Bryson's motion, finding as a matter of law that Gingrich's signature was a forgery.[4] Although the trial court recognized that its grant

---

[3] In response, Keogh contended that the original security deed was cancelled in order to sell the property, but that a new security deed was executed to secure the promissory note with a different piece of property.

[4] This order was also prepared by Bryson's attorney.

of summary judgment rendered moot Keogh's motion to set aside the default judgment, the court nonetheless found that Keogh was not entitled to notice of default judgment proceedings and thus presented no basis for setting aside the judgment. The court also found that Keogh failed to present competent evidence that he was not notified of the trial calendar because the newspaper which listed Keogh as a pro se litigant was hearsay. Finally, the court found that Keogh had failed to timely challenge its order striking his answer. Keogh appeals these rulings.

1. Keogh contends that the trial court erred in dismissing his defensive pleadings for failure to appear because he did not receive notice of the proceedings. We agree. Under Georgia law, the trial court is required to provide notice of its trial calendar. See OCGA § 9-11-40 (c); *Taylor v. Chester*, 207 Ga. App. 217, 218 (427 SE2d 582) (1993). This requirement is not met when a published trial calendar improperly omits the name of a party's attorney. See *Brown v. Citizens & Southern Nat. Bank*, 245 Ga. 515, 518-519 (265 SE2d 791) (1980).

The trial court found that Keogh had not proven lack of notice because the newspaper copy of the trial court's calendar was mere hearsay. Pretermitting whether it was hearsay, it put the trial court on notice that the trial calendar was inaccurate. And it is the *trial court's* duty to notify parties of the trial calendar. *Taylor v. Chester*,

4

207 Ga. App. at 218. The trial court can thus take judicial notice of its own records to determine whether adequate notice was provided. See *Brown v. Citizens &c. Bank*, 245 Ga. at 518. If no such notice was provided, Keogh was entitled to have the order set aside. See *Taylor v. Chester*, 207 Ga. App. at 218; cf. *Tab Sales, Inc. v D & D Distributors*, 153 Ga. App. 779, 780 (1) (266 SE2d 558) (1980) (where no evidence was presented that party lacked notice of trial, presumption of regularity applied).

To the extent the trial court found that Keogh was not entitled to notice of the default judgment proceedings, we disagree. Under OCGA § 9-11-6 (d), motions and notices of a hearing must be served on an opposing party. "Where, as here, a party is represented by counsel, service shall be made by delivering a copy to the attorney or by mailing it to him at his last known address. OCGA § 9-11-5 (b). Compliance with the notice requirement is mandatory, not discretionary." (Citation and punctuation omitted.) *Randall v. Randall*, 274 Ga. 107, 109 (2) (549 SE2d 384) (2001); cf. *T. A. I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 648-649 (3) (516 SE2d 340) (1999) (if no answer filed, defendant waives notice of further proceedings).

Finally, we find no support for the trial court's conclusion that Keogh's delay in challenging the June 22, 2010 order striking his answer precludes him from challenging the subsequent entry of default judgment. Keogh had no right to directly

appeal the trial court's order, which was interlocutory. See *American Med. Sec. Group v. Parker*, 284 Ga. 102, 104-107 (4) - (8) (663 SE2d 697) (2008). Rather, Keogh was required to wait until final judgment was entered before he could appeal. See id; OCGA § 5-6-34 (d). Here, Keogh had reason to believe that final judgment was forthcoming. Less than a week after the trial court struck Keogh's answer, Bryson's attorney told Keogh's lawyer that he was preparing a motion for summary judgment. Apparently, it was Bryson who delayed seeking either entry of default judgment or summary judgment. Thus, we fail to see why Keogh should be penalized.[5]

2. In a related claim of error, Keogh contends that the trial court erred in denying his motion to set aside the default judgment. Ordinarily, an appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d) must be made by application for discretionary appeal. See OCGA § 5-6-35 (a) (8). Here, however, we also have a final order on summary judgment, which may be directly appealed. See

---

[5] The cases upon which the trial court relied in finding Keogh dilatory involved a trial court's discretion to open a default judgment once it had been entered. See *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 48 (2) (424 SE2d 338) (1992); *Cole v. Lucas*, 201 Ga. App. 423, 424 (1) (411 SE2d 284) (1991); *Capital Assoc. v. Keoho*, 173 Ga. App. 627, 628 (327 SE2d 586) (1985). Here, the trial court penalized Keogh for delay *prior to* the entry of the default judgment.

6

OCGA §§ 9-11-56 (h) & 5-6-34 (a) (1). Under OCGA § 5-6-34 (d), where a direct appeal is properly taken,

> all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere. For purposes of review by the appellate court, one or more judgments, rulings, or orders by the trial court held to be erroneous on appeal shall not be deemed to have rendered all subsequent proceedings nugatory; but the appellate court shall in all cases review all judgments, rulings, or orders raised on appeal which may affect the proceedings below and which were rendered subsequent to the first judgment, ruling, or order held erroneous.

Therefore, in view of the valid direct appeal, we may review the trial court's ruling on Keogh's motion to set aside. And, for the reasons discussed in Division 1, we conclude that the trial court erred in denying the motion. See *Taylor v. Chester*, 207 Ga. App. at 218.

3. Keogh contends that the trial court erred in granting summary judgment. Again, we agree.

When reviewing a grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the party opposing the motion. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. To defeat a motion for summary judgment, the respondent does not have to present conclusive proof to rebut the movant's evidence; if the respondent produces or points to any specific evidence, even slight, in the record giving rise to a triable issue of material fact, then summary judgment must be denied.

(Citations and punctuation omitted.) *Lee v. SunTrust Bank*, 314 Ga. App. 63 (722 SE2d 884) (2012).

Under OCGA § 24-7-6, in the absence of direct evidence regarding the execution of any document, proof of handwriting may be offered by witnesses familiar with the handwriting of the person who allegedly signed the document. This is not to say, however, that the proof is dispositive as a matter of law. See id. Whether a signature is valid is a factual issue that requires resolution by a jury. See id; see also, e. g, *Ham v. Ham*, 257 Ga. App. 415, 417 (571 SE2d 441) (2002). Thus, under these circumstances, the trial court erred in granting summary judgment. See id.; *Ly v. Jimmy Carter Commons*, 286 Ga. 831, 833 (1) (691 SE2d 852) (2010) ("On summary judgment, a trial court is not authorized to resolve disputed issues of

8

material fact. A trial court is authorized only to determine whether disputed issues of material fact remain. If, and only if, no disputed issue of material fact remains is the trial court authorized to grant summary judgment.") (citation and punctuation omitted).

*Judgment reversed. Phipps, P. J., and Dillard, J., concur.*